DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from the Medina County Domestic Relations Court which granted appellee Janis A. Koch an increase in spousal support. For the following reasons, this Court reverses.
 I. {¶ 2} The facts in this case are not in dispute. Appellant John F. Koch II and appellee Janis A. Koch entered into an agreed judgment entry of divorce on October 26, 2000. Appellant was ordered to pay spousal support in the amount of $1,500.00 per month and child support[1] for a period of 96 months. The Medina County Domestic Relations Court retained limited jurisdiction over the amount of the spousal support only. As part of the agreed order, appellant was ordered to pay the mortgage on the marital residence until it was ordered to be sold at the end of the 1999-2000 school year.
 {¶ 3} Appellee purchased a $172,000 home on December 29, 2000, two months after the original divorce decree, using $40,000 from the proceeds of the divorce settlement as a down payment on the home. Her minor child resided with her, as did another emancipated child. A second emancipated child also lived with her while he attended college.
 {¶ 4} In October 2001, appellee moved the trial court to increase the spousal support order. The Magistrate awarded appellee an increase to $1830.00 per month. The trial court upheld the Magistrate's award on the grounds that appellant's pay raises and appellee's increased expenses constituted a change of circumstances warranting a modification of spousal support pursuant to R.C. 3105.18(E) and (F).
 {¶ 5} Appellant appealed this increased award to this Court, and this Court reversed. Koch v. Koch (Aug. 28, 2002), 9th Dist. No. 02CA0001-M. We found that the trial court abused its discretion in increasing the spousal support because appellee failed to sustain her burden of proof that her expenses had increased. This Court further found that appellant's pay raises, in conjunction with appellee's pay raises, and her failure to show increased expenses, did not constitute a drastic change in circumstances justifying increased spousal support. This Court reversed and remanded the case back for proceedings consistent with its opinion.
 {¶ 6} During the pendency of the remand, appellee moved again for an increase in spousal support. On June 27, 2003, over appellant's objection, the trial court heard the remand and the new motion together and determined that appellee's expenses had increased over $25,000.00 per year, or $2,000.00 per month, and that appellant's income had also increased by one-third. The court did not consider appellee's expenses for the resident children's college expenses or the fact that appellant had voluntarily retired from his position as air traffic controller after appellee had filed her second motion for modification of spousal support in making this award.[2] Under these facts, the court granted an increase in spousal support to $2,140.00.
 {¶ 7} Appellant timely appealed, setting forth four assignments of error for review.
 II. ASSIGNMENT OF ERROR i
"Retrial after Remand in CA.:02CA0001-M was Barred by the Legal Doctrine of Res Judicata."
 {¶ 8} On the first appeal, this Court found that appellee had failed to meet her burden of showing that she experienced an increase in expenses, or in view of her pay raises, that appellant's pay raise constituted a drastic increase. Consequently, this Court found that the trial court abused its discretion in granting appellee's motion to modify spousal support. We reversed and remanded the case for proceedings consistent with our opinion.
 {¶ 9} Appellant claims that the trial court was required to enter judgment in his favor because this Court's judgment acted as res judicata on any further proceeding. Appellee claims that res judicata does not apply because this Court did not enter a final judgment. Appellee argues that because there was no final judgment, App.R. 12(D) applies. This rule requires a court on remand to rehear appellee's motion at exactly the point before the trial court entered its remanded judgment.
 {¶ 10} We need not determine whether res judicata applies with respect to the first motion because this Court finds that the trial court did not comply with this Court's remand order. App.R. 12(B) states in part that:
When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered or remand the cause the court with instructions torender such judgment or final order. [Emphasis Added]
 {¶ 11} This Court did render a final judgment. It found that appellee did not meet her burden of proving increased expenses such that an increase in spousal support was warranted. App.R. 12(B) permits this Court not only to render a final judgment, but also allows us to reverse and remand the case to the trial court with instructions to render such judgment. This Court did so.
 {¶ 12} The trial court is obligated to follow our remand instructions. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." Nolan v. Nolan (1984), 11 Ohio St.3d 1, at syllabus. Consequently, this Court finds that the trial court failed to follow our remand. The instructions from this Court were to enter judgment in favor of appellant on appellee's original motion.
 {¶ 13} This Court now turns to the issue of whether res judicata applies to appellee's second motion to modify. The facts in support of the second motion were based on income and expenses from years different than those considered in the first motion. They do not arise out of the same facts as the first motion. Consequently, there is no res judicata on appellee's subsequent motion to modify. Appellant's First Assignment of Error is sustained in part and overruled in part.
 ASSIGNMENT OF ERROR II
"Appellant's Retirement alone is not Sufficient Basis to Warrant Modification."
 {¶ 14} It is appellee's burden to prove a change in circumstances warranting a modification of spousal support. Kingsolver v. Kingsolver
(July 21, 2004), 9th Dist. No. 21773, 2004-Ohio-3844; Noll v. Noll
(Aug.14, 2002), 9th Dist. Nos. 01CA007932, 01CA007976, 2002-Ohio-4154 at ¶ 23. In this case, appellee presented evidence to the trial court regarding appellant's base salary as an air traffic controller, his pay raises and his income from a side business. The trial court found that appellant had experienced a thirty-three percent increase in salary justifying an increase in spousal support.
 {¶ 15} The trial court also found that by retiring, appellant was "voluntarily underemployed" and imputed his pre-retirement salary raises to him. On appeal, appellant claims that his "voluntary underemployment" by early retirement was not an appropriate issue to be raised or determined at trial, although he does not cite any support for this argument.
 {¶ 16} This Court notes that this case is unusual. A typical retirement case usually involves a request from the supporting spouse for a decrease in spousal support. The supporting spouse bears the burden of proving a decrease in income because of retirement. The supported spouse may then show that the retirement is voluntary underemployment and done for the purpose of avoiding spousal support.
 {¶ 17} This case, however, involves a retirement where the supported spouse seeks an increase in spousal support. The burden of proof remains the same. The party seeking the modification — in this case, the wife — has the burden of proving an increase in the husband's income justifying an increase in support. The husband must show that his retirement is a decrease in income. The wife retains the ultimate burden of proof to establish that a modification is warranted. In this case, the wife would bear the burden of proving that husband's retirement is for the purpose of defeating spousal support.
 {¶ 18} A party's change in income is an important factor a court considers in determining the appropriateness of a request for modification. R.C. 3105.18(C)(1). That section provides that "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors[.]" The statute then lists a series of factors a court should consider including, inter alia: the income of the parties; their relative earning abilities; their ages and their physical, mental, and emotional conditions; their retirement benefits; the duration of their marriage; their standard of living established during the marriage; the relative extent of their educations; and any other factor that the court expressly finds to be relevant and equitable.[3]
 {¶ 19} Appellant first argues that the court erred in finding him "voluntarily underemployed" because appellant's retirement only applies to modifications of child support. Because his children are emancipated, he is not a "parent" and his retirement is not relevant to the spousal support motion. This argument is not persuasive because R.C.3113.215(A)(1)(b) was repealed on March 22, 2001.[4] Courts have routinely considered whether a spouse is "voluntarily underemployed" in spousal support cases. See, e.g. Gillingham v. Gillingham (May 28, 1992), 2nd Dist. No. 12766; Ranz v. Ranz (Sept. 28, 1988), 1st Dist. No. C-870799. Appellant's retirement as "voluntary underemployment" is properly considered in determining a motion for increased spousal support.
 {¶ 20} Now this Court turns to the issue of whether the trial court properly found appellant's early retirement was "voluntary underemployment." R.C. 3105.18(C)(1) requires a court to consider the "income" of the spouses in determining support. R.C. 3105.18(F) states that a "change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses." This analysis includes a determination of whether a spouse is "voluntarily underemployed."
 {¶ 21} In this case, appellant retired from his position as an air traffic controller six years earlier than he was required. A spouse's retirement is a change which may justify a modification of spousal support. Marx v. Marx (July 15, 2004), 8th Dist. No. 83681, 2004-Ohio-3740. However, retirement alone does not determine whether an award should be modified. If the spouse retires with the intent of defeating the spousal award, the retirement is considered "voluntary underemployment," and the spouse's pre-retirement income is attributed to him. For example, in Shortv. Short (Aug. 9, 1995), 9th Dist. No. 2379-M, the trial court concluded that husband retired for the purpose of impairing his wife's ability to receive spousal support and used the husband's earning ability before his retirement in determining spousal support.
 {¶ 22} In cases where the spouse retires early, as in this case, the courts have held that "[a] change in income due to retirement reasonably in advance of the expected date of retirement does provide a basis for modification of alimony if it was not done in an attempt to avoid a court ordered obligation to an ex-spouse." Melhorn, v. Melhorn (Jan. 30, 1989), 2nd Dist. No. 11139.
 {¶ 23} Whether the parties anticipated or contemplated an early retirement is an important factor a court considers in determining whether the retirement is for the purpose of defeating the spousal support. For example, in Riley v. Riley (Oct. 27, 1999), 9th Dist. No. 19363, a doctor voluntarily retired from the practice of medicine before the age of sixty. In that case, before the parties entered the separation agreement, they fully anticipated his retirement before the age of sixty. The trial court held that his voluntary retirement was a change of circumstances warranting a change in support. Under these circumstances, the court did not find that the doctor retired for the purpose of defeating spousal support.
 {¶ 24} Likewise, in Reveal v. Reveal (2003), 154 Ohio App.3d 758, a doctor knew his ex-wife would be eligible to receive her retirement at age 59½ and yet he agreed to pay her alimony beyond that time. In that case, the appeals court found no abuse of discretion in the trial court's refusal to find that there was no substantial change of circumstances not contemplated by the parties. These cases provide the necessary guidance in determining whether appellant's early retirement can be considered a change in circumstances justifying the court's refusal to increase appellee's spousal support.
 {¶ 25} The steps a trial court must take to modify a spousal support award are well established.[5] Kingsolver v. Kingsolver, 9th Cir. No. 21773, 2004-Ohio-3844. First, a party must prove that there was a change of circumstances. Id. The burden of proving a change in circumstances is on the party seeking the modification. Noll at P23.
 {¶ 26} In this case, the court found that appellant was "voluntarily underemployed" and attributed his pre-retirement income to him. It appeared that the parties anticipated that appellant would work until he was 56 because the spousal support term coincides with that length of time. The trial court was not permitted by the divorce decree to award spousal support beyond that time. Further, the court noted that appellant cited no mandate from his employer or any health factors that would require his retirement. Appellant, however, decided to retire six years earlier because, as the court found, he "simply wanted to stop working." On this basis, the court found appellant "voluntarily underemployed," and as a result, used appellant's pre-retirement salary raises in determining there was a change in circumstances. The trial court, however, made no determination whether appellant had retired for the purposes of defeating spousal support.
 {¶ 27} This Court notes that appellant is an air traffic controller and is in a position of tremendous responsibility. His decisions regarding his ability to continue in his duties should be given great respect. In this case, the trial court made no finding that appellant retired early for the purpose of defeating spousal support. Its sole ground for finding "voluntary underemployment" was that appellant "simply wanted to stop working." This is not a sufficient basis under the foregoing case law in which to find appellant "voluntarily underemployed" and imputing his pre-retirement income to him. As such, appellant's second assignment of error sustained.
 ASSIGNMENT OF ERROR III
"Appellee failed to Identify her Expenses from Those of her Emancipated Children."
 ASSIGNMENT OF ERROR IV
"Appellee failed to Submit any Evidence of Need For Increase of Support."
 {¶ 28} Because this Court is reversing on assignment of error II, these assignments of error are rendered moot. App.R. 12(A)(1)(c).
 III. {¶ 29} In determining whether to change appellee's spousal support award, the trial court must consider the appropriate factors in order to determine whether or not the existing order should be modified. The trial court specifically based its award of increased spousal support on two grounds: first, that appellee's expenses have increased and second, that appellant's income has also increased. This Court has declined to consider whether appellee's expenses are an appropriate ground upon which to base additional spousal support. The trial court did not find that appellant retired for the purpose of defeating a spousal support award. As such, the trial court's order is reversed and remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, J., Boyle, J., Concurs.
[1] Appellant was also ordered to pay child support and these payments are not part of this appeal.
[2] The domestic relation's court also did not consider appellant's expenses in regard to his remarriage in determining whether to increase spousal support.
[3] This list is not exhaustive. It is included to show the number of factors a court must consider in determining spousal support.
[4] This section defined income as "for a parent who is unemployed or underemployed, the sum of the gross income of the parent, and any potential income of the parent."
[5] Initially, the court must have retained jurisdiction to modify the award. In this case, the trial court retained jurisdiction to modify the amount of the spousal support.