OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, Ida Utt appeals the decisions of the Columbiana County Court of Common Pleas, Domestic Relations Division, which granted a divorce between her and Plaintiff-Appellee, Kyle Utt. Ida raises two issues before this court. She alleges the trial court's division of marital property was an abuse of discretion since it was neither equal nor equitable. She also alleges the trial court abused its discretion when it denied her request for spousal support.
 {¶ 2} Although the trial court's division of the marital property was unequal, it was equitable since the trial court's division accounted for the payments that Kyle made for Ida's benefit while the divorce was pending. Even though many of the statutory factors would support a spousal support award, the trial court denied Ida's request for spousal support due to her financial irresponsibility and a serious surgery Kyle would undergo soon after the divorce. Because of the factors weighing in support of a spousal support award, the trial court abused its discretion when it denied spousal support without retaining jurisdiction to revisit the issue following Kyle's surgery. Accordingly, the trial court's judgment is affirmed in part, reversed in part, and this matter is remanded for further proceedings.
 Facts {¶ 3} Kyle and Ida were married on March 8, 1980. At the time, Kyle was a college graduate while Ida had only completed the 11th grade. Although no children came of the marriage, Ida did have children when the two were married. Kyle suffers from scoliosis which has progressively worsened, necessitating surgery. In the last years of their marriage, Kyle earned $55,800 and Ida earned about $20,500.
 {¶ 4} On July 3, 2001, Kyle filed a complaint for divorce. Ida then counterclaimed for divorce and requested temporary and permanent spousal support. The magistrate heard Ida's motion for temporary spousal support and ordered that Kyle continue to pay the marital debt. While the divorce was pending, Kyle made the payments on Ida's car, her son's car, repairs on the son's car, insurance, and some of Ida's credit card debt. While the divorce action was pending, Ida incurred additional credit card debt.
 {¶ 5} The matter proceeded to a bench trial. In the divorce decree, the trial court divided the marital property, giving Kyle a greater share of that property, and denied Ida's request for permanent spousal support.
 Property Division {¶ 6} In her first assignment of error, Ida alleges:
 {¶ 7} "The trial court's award of a 56%/44% split of the division of property in favor of Appellee/husband was an abuse of discretion."
 {¶ 8} Ida argues that the trial court's division of the marital property is "clearly inequitable" since Kyle received almost $24,000 more of the net marital assets than she did. She also claims the trial court erred since it gave "no reason or justification for the inequitable award of the property." In response, Kyle argues the disparity in the trial court's division of the marital property is not as large as Ida claims. In addition, he claims the disparate distribution is reasonable given Ida's financial irresponsibility.
 {¶ 9} A trial court has broad discretion when fashioning a division of marital property in a domestic-relations case and its decision will not be reversed absent an abuse of that discretion. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 94. The term "abuse of discretion" implies more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. This court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 131. Further, this court should not independently review the weight of the evidence but should be guided by the presumption that the trial court's findings are correct. Miller v.Miller (1988), 37 Ohio St.3d 71, 74.
 {¶ 10} A domestic relations court is required, when granting a divorce, to equitably divide and distribute the marital property. R.C.3105.171(B); Wolfe v. Wolfe (1976), 46 Ohio St.2d 399. When dividing marital property, the trial court must divide it equally between the parties unless an equal division would be inequitable. R.C. 3105.171(C)(1); see also Cherry v. Cherry (1981), 66 Ohio St.2d 348 (A potentially equal division of the martial property is the starting point of the trial court's analysis). In determining what is an equitable division of the marital property, the court must consider "all relevant factors", including those found in R.C. 3105.171(F). Id. Pursuant to R.C.3105.171(F), a trial court which is making a division of marital property must consider the duration of the marriage, the assets and liabilities of the spouses, the desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage, the liquidity of the property to be distributed, the economic desirability of retaining intact an asset or an interest in an asset, the tax consequences of the property division upon the respective awards to be made to each spouse, the costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property, any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses, and any other factor the court expressly finds to be relevant and equitable.
 {¶ 11} When dividing marital property a court must "determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses." R.C.3105.171(B). Pursuant to R.C. 3105.171(G), a trial court must indicate the basis for its division of the marital property in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. Kaechele at 97. As a part of these findings, the trial court must assign a value to all of the marital property. Spychalski v. Spychalski (1992), 80 Ohio App.3d 10, 15; Hrubyv. Hruby (June 11, 1997), 7th Dist. No. 93-C-9, at 3; R.C. 3105.171(B). A trial court is only required to indicate the basis for its decision and does not have to explain its reasoning in detail. Davis v. Davis (Dec. 26, 2001), 7th Dist. No. 2000 CO 31, at 5.
 {¶ 12} In this case, the trial court assigned a value to all the marital property and, as Ida points out, a straight comparison of the net assets awarded the parties shows that the trial court awarded $110,090.50 to Kyle and $86,141.00 to Ida, a difference of approximately $24,000. Accordingly, if the trial court were to have made an equal division of the marital assets, then it would have awarded Ida approximately $12,000 more than it did. In the divorce decree, the trial court indicated that it was basing at least part of its decision on the fact that Kyle was ordered to pay all the marital debt while the divorce was pending.
 {¶ 13} A trial court may properly award a greater share of the marital estate to a party when that party has been ordered to make temporary payments pending the divorce. See Brown v. Brown (Sept. 8, 1998), 4th Dist. No. 97CA0948. In this case, the magistrate ordered that Kyle pay all marital obligations while the divorce was pending. Kyle testified that pursuant to that order he paid $4,176 toward the vehicle Ida drove, $6,688 toward a vehicle for Ida's son, and $1,600 toward Ida's credit card bills, for a total of $15,464. Ida did not contest these figures. This amount accounts for the $12,000 in excess of an equal division of the marital property that the trial court awarded to Kyle. Accordingly, the trial court's property division was equitable. The trial court did not abuse its discretion when it divided the marital property. Ida's first assignment of error is meritless.
 Spousal Support {¶ 14} Ida's second assignment of error alleges:
 {¶ 15} "The trial court erred and abused its discretion in failing to award Appellant/wife spousal support."
 {¶ 16} Ida contends the statutory factors "clearly support a spousal support award" and that the trial court abused its discretion when it failed to award spousal support. As stated above, the trial court found Kyle had discharged any responsibility for spousal support when he paid the marital debts pending the divorce due to Ida's financial irresponsibility. In addition, it based its decision on Kyle's "reasonable expectation of diminished income due to upcoming serious surgery while the Wife is gainfully employed." Ida does not argue that Kyle's diminished earning capacity is a factor the trial court should consider when determining whether spousal support is appropriate. But she does challenge her alleged financial irresponsibility and the trial court's decision to consider the payments made pursuant to the temporary support order when it determined whether to award spousal support. In response, Kyle argues the trial court considered all the statutory factors and did not abuse its discretion when it denied spousal support.
 {¶ 17} After a trial court divides the marital property, it must determine whether it will award spousal support. R.C. 3105.18(B). When a trial court determines whether spousal support is appropriate and reasonable, and if so, the amount of that spousal support, a trial court must look to the fourteen statutory factors listed in R.C. 3105.18(C)(1).Kaechele at paragraph one of the syllabus. When the trial court's judgment states that its decision regarding spousal support is based on the facts of the case and the statutory factors, it enjoys a strong presumption that it has reviewed such factors in reaching its decision.Guziak v. Guziak (1992), 80 Ohio App.3d 805, 815.
 {¶ 18} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable." R.C. 3105.18(C)(1).
 {¶ 19} In conducting this determination, the trial court must consider all the statutory factors and not consider any one factor taken in isolation. Kaechele at 96. The goal of this exercise is to achieve an equitable result. Id.
 {¶ 20} Under R.C. 3105.18, a trial court must base its decision to award or deny spousal support on whether it is appropriate and reasonable under the circumstances, not on whether a spouse needs or deserves it.Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626. And whether a party deserves spousal support is not a basis for awarding or failing to award spousal support. Id.; Kennedy v. Kennedy, 7th Dist. No. 2002 CO 09, 2003-Ohio-495, ¶ 34; Bernard v. Bernard (Jan. 30, 2002), 7th Dist. No. 00 CO 25, at 6. For instance, in Bernard this court held it is improper for a trial court to consider whether one party was guilty of extreme cruelty and gross neglect of duty during the marriage when deciding whether to award spousal support. Likewise, in Kennedy this court criticized the trial court's consideration of the wife's drug habit and reckless spending during the marriage when it denied her request for spousal support.
 {¶ 21} In this case, it appears the trial court denied spousal support as a punitive measure for Ida's financial irresponsibility. It cites to the payments Kyle made on Ida's behalf while the divorce was pending as evidence of her financial irresponsibility. But Kyle was obligated to pay those marital debts by the trial court's temporary order and he was credited for those payments in the division of the marital property. The trial court could also have been referring to the credit card debt Ida incurred while the divorce was pending. But it made Ida responsible for her credit card debt in its property division and gave Kyle a greater share of the marital estate based on that credit card debt. Given the fact that the trial court's property division already took Ida's financial history into account, it is unreasonable for the trial court to use this as a basis to deny spousal support.
 {¶ 22} The only other specific finding the trial court makes regarding spousal support is its finding that Kyle "has a reasonable expectation of diminished income due to upcoming serious surgery." The evidence in the record supports the trial court's conclusion that Kyle was going to have back surgery for scoliosis in the near future. He testified that it's a "drawn out surgery and it could leave me paralyzed or worse." But he never testifies that he will have a reduced income following the surgery if it is successful. The record does not state what Kyle does for a living, leaving no way to know how back surgery could affect his ability to work.
 {¶ 23} Clearly, the fact that Kyle is facing serious surgery is a factor the trial court should consider. R.C. 3105.18(C)(1)(c). We cannot say it was unreasonable to deny Ida's request for spousal support pending the outcome of the surgery. But this does not explain why the trial court reserved no jurisdiction with regard to the issue of spousal support in the future, especially since both parties requested that the trial court do so. If Kyle is able to return to work in three months and is earning then what he is earning at the time of the divorce, then the fact that he had a serious surgery would be irrelevant.
 {¶ 24} An examination of the statutory factors indicates that some form of spousal support would be reasonable. Kyle earns $55,800 a year while Ida earns about $20,500 a year and each are working at their respective earning level. Kyle received a greater share of the property division. Kyle is 45 while Ida is 47. Besides Kyle's scoliosis, neither party suffers from any serious physical ailment. The parties were married for over 22 years at the time of the divorce. The parties each have IRA's, pensions, and 401K's which they have been ordered to split equally via QDRO's. Kyle has a college degree while Ida completed school through the 11th grade. Each of these factors would favor an award of spousal support and the factors not mentioned either do not apply in this case or apply equally to both parties.
 {¶ 25} Given these facts, we conclude that the trial court was unreasonable when it denied Ida's request for spousal support and did not retain jurisdiction to revisit the issue at a later date and Ida's second assignment of error is meritorious.
 {¶ 26} Accordingly, the judgment of the trial court is affirmed in part, reversed in part and this cause is remanded to the trial court for further proceedings with regard to the issue of spousal support.
Waite, P.J., and Donofrio, J., concur.