DECISION AND JUDGMENT ENTRY
{¶ 1} Bessie R. Elliott ("Wife") appeals the judgment entry of the Ross County Court of Common Pleas allocating the parties' marital debt. Wife argues that the trial court's division of the debt was not equal or equitable, as it required Wife to pay a larger portion of the marital debt than it required her former husband, Beryl E. Elliott ("Husband"), to pay. Because we find that the trial court did not abuse its discretion in allocating a greater portion of the marital debt, we overrule Wife's sole assignment of error and affirm the trial court's judgment.
 I. {¶ 2} The parties married in 1968. In August 1999, Wife filed a complaint for divorce. Husband filed an answer seeking dismissal of Wife's complaint, as well as a cross-complaint for divorce.
 {¶ 3} The trial court conducted a hearing on temporary spousal support and allocation of the parties' marital debts. Thereafter, the magistrate ordered Husband to pay temporary spousal support to Wife in the form of a $50 per week cash payment, and payment of the $641.99 per month mortgage on the Clinton Road residence, which Wife continued to occupy. The magistrate also ordered Wife to pay the "Lazarus, Penney's, MasterCard, VISA, First Card, Sears, Chase and Elder-Beerman debts during the pendency of this action" and ordered Husband to pay the "Bank One VISA, Associate's VISA, Mellon Bank VISA, Dr. Chen, and all mortgages owed on the rental properties during the pendency of this action."
 {¶ 4} In December 2000, the trial court entered a decree of divorce, in which the trial court adopted the parties' partial agreement regarding the division of marital property. The only remaining issues were the division of the remaining marital property and the allocation of marital debt.
 {¶ 5} In June 2001, the magistrate issued a decision dividing the remainder of the marital property and the marital debts. The magistrate made findings of fact, including a valuation of Westside Ceramic, a sole proprietorship owned by Husband. Additionally, the magistrate attributed Husband's account at Oak Hill Bank to the value of marital property rather than to the value of Westside Ceramic. The magistrate also ordered the parties to pay the debts as previously ordered.
 {¶ 6} Both parties filed objections to the magistrate's decision. In March 2002, the trial court overruled the parties' objections to the magistrate's decision. Both parties appealed. See Elliott v. Elliott,
Ross App. Nos. 02CA2655 and 02CA2656, 2003-Ohio-1939 ("Elliott I"). Husband raised two assignments of error, challenging the trial court's valuation of Westside Ceramic, and the trial court's classification of his Oak Hill Bank account as marital property. Wife's sole assignment of error was that the trial court abused its discretion because its allocation of marital debt was neither equal nor equitable.
 {¶ 7} We found that the trial court did not abuse its discretion in believing the testimony of one expert over the other in valuing Westside Ceramic. We also found that Husband waived his argument regarding the classification of his Oak Hill Bank account because he failed to object to the magistrate's finding. Therefore, we overruled both of Husband's assignments of error. With regard to Wife's cross-appeal, we found that the trial court did not support its conclusion regarding the marital debt with adequate written findings of fact as required by R.C. 3105.171. Thus, we sustained Wife's assignment of error. Accordingly, we affirmed in part, reversed in part, and remanded the cause for further proceedings consistent with our opinion.
 {¶ 8} Upon remand, the magistrate issued a decision containing findings of fact to support the division of marital debt, which the trial court approved and adopted. The essence of the trial court's findings of fact was that: 1) Husband paid Wife temporary spousal support of $50.00 per week; 2) Husband paid the $641.99 monthly mortgage payment on the marital residence, which Wife occupied during the pendency of the action, as and for temporary spousal support; 3) Husband paid all of the mortgages on the parties' rental properties during the pendency of the action, and Wife received a portion of the rental income; 4) The "Dr. Chin" debt that Husband was to pay pursuant to the temporary orders was associated with the parties' real properties, making it equitable to pay the debt from the proceeds of the sale of the real properties; 5) Wife established the accounts the court ordered her to pay; 6) Wife received a significant amount of cash for her share of the business retained by Husband; and, 7) Wife received the greater amount of the cash sale proceeds.
 {¶ 9} Wife timely filed objections to the magistrate's decision. On August 18, 2003, the trial court issued a journal entry, overruling Wife's objections and adopting the magistrate's decision as its order. Wife again appealed, challenging the trial court's allocation of marital debt. See Elliott v. Elliott, Ross App. No. 03CA2737, 2004-Ohio-3625 ("Elliott II").
 {¶ 10} On appeal, we found that the trial court appeared to have concluded that the credit card debt it ordered Wife to pay was separate in nature, given the court's finding that she "established the accounts she was ordered to pay." Although, we noted that the court found other factors relevant to its determination, we found that it was first obligated to determine whether the disputed debt was marital or separate before allocating it. Accordingly, we reversed the trial court's judgment and remanded the cause for further proceedings.
 {¶ 11} Upon remand, the magistrate conducted a hearing regarding the division of the marital debt. The magistrate specifically found the disputed credit card debts were marital. He also noted that: (1) Husband testified he was unaware of some of the accounts during the marriage; (2) Wife primarily controlled the parties' finances and paid the parties' bills during the marriage; (3) for the most part, Wife had possession of the cards and incurred the charges thereon; and (4) Wife testified that the charges were incurred for family purposes that benefited the entire household, including gifts, clothes, tuition, furniture, and living expenses. The magistrate then incorporated the findings from the previous magistrate's decision, noted that Wife "received a far greater share of the parties' liquid assets" than Husband did. The magistrate concluded that, because the charges were incurred primarily at Wife's discretion, it was equitable that she bear a greater share of the debts.
 {¶ 12} Accordingly, the magistrate recommended that Wife pay three-quarters of the disputed debt, or $16,867.71, and Husband pay one-quarter of the disputed debt, or $5,622.58, in addition to the $2300 of marital debt that the court had already ordered Husband to pay. The magistrate recommended that Husband reimburse Wife for that amount, less an offset for his share of the recently discovered value of the Stanley Sons trust account. The trial court adopted the magistrate's decision.
 {¶ 13} Thereafter, Wife filed objections to the magistrate's decision, arguing that the trial court erred by failing to divide the marital debt equally between the parties. Husband also filed objections to the magistrate's decision, arguing that division of marital debt was inequitable.
 {¶ 14} On January 11, 2005, the trial court ruled upon the parties' objections. Once again, the trial court adopted the factual findings of the magistrate. However, the trial court found that the magistrate erred by subtracting the entire $950 Stanley and Sons' trust account funds from Husband's obligation, instead of subtracting Husband's one-half interest in the funds. Accordingly, the trial court awarded Wife the entire $950 in the Stanley and Son's trust account and ordered Husband to reimburse Wife $5,147.58 ($5,622.58-$475).
 {¶ 15} Wife timely appeals, raising the following assignment of error: "THE TRIAL COURT'S ALLOCATION OF MARITAL DEBT WAS NEITHER EQUAL NOR EQUITABLE AND WAS THEREFORE AN ABUSE OF DISCRETION."
 II. {¶ 16} As we have previously recognized, a trial court enjoys broad discretion in crafting an equitable division of marital property in a divorce proceeding. Elliott II, at ¶ 12, citing R.C. 3105.171(C)(1);Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131; Worthington v.Worthington (1986), 21 Ohio St.3d 73, 76; Martin v. Martin (1985),18 Ohio St.3d 292, 294-295; Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. Despite the trial court's broad discretion, Ohio law requires the court to divide marital and separate property equitably between the parties. Id., citing R.C. 3105.171(B). In most cases, this requires the court to divide the marital property equally. Id., citing R.C.3105.171(C)(1). However, if equal division would produce an inequitable result, the court must divide the property equitably. Id. Because the court must consider both the assets and liabilities, an equitable division of marital property necessarily implicates an equitable division of marital debt. Id., citing R.C. 3105.171(F)(2).
 {¶ 17} We will not reverse a trial court's allocation of marital property and debt absent an abuse of discretion. Id. at ¶ 13, citingHolcomb at 131. An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. Id., citing Masters v. Masters (1994), 69 Ohio St.3d 83,85; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying this standard of review, we may not freely substitute our judgment for that of the trial court. Id., citing In re Jane Doe I (1991),57 Ohio St.3d 135, 137-138; Berk v. Matthews (1990), 53 Ohio St.3d 161,169. Instead, we must view property division in its entirety, consider the totality of the circumstances, and determine whether the trial court abused its discretion when dividing the parties' marital assets and liabilities. Id., citing Briganti v. Briganti (1984), 9 Ohio St.3d 220,222.
 {¶ 18} The parties agree that the trial court equitably divided the marital assets. However, Wife continues to argue that the trial court inequitably divided the marital debt. Specifically, she argues that the fact Husband paid a "small amount of spousal support" and the secured debt for a short period of time does not justify the court's unequal division of marital debt. She claims the trial court refuses to acknowledge that she made payments on the disputed marital debt pursuant to the November 19, 1999 temporary orders until the final order of March 1, 2002. Additionally, Wife contends that the fact she received more of the liquid assets than Husband does not justify an unequal division of marital debt.
 {¶ 19} Husband again argues that the trial court correctly allocated the marital debt, based upon the magistrate's findings. He contends that: (1) Wife created the debt she now complains of; (2) she received spousal support of $50 per week; (3) he paid the mortgage for the marital residence, where Wife continued to reside during the pendency of the divorce.
 {¶ 20} Our review of the record reflects that Husband was obligated to pay temporary spousal support from October 8, 1999 until March 1, 2002. Thus, he was obligated to pay a total of $6250 in spousal support over a 125 week period. Additionally, Husband paid the mortgage on the home that Wife continued to occupy from November 19, 1999 until the property was sold pursuant to the December 15, 2000 decree. By our calculation, Husband paid at least thirteen mortgage payments, for at total of $8345.87. Thus, Husband expended at least $14,595.87 during the pendency of the action.[1]
 {¶ 21} Temporary orders issued by a court pursuant to Civ.R. 75 are interlocutory in nature. Therefore, a court may fashion its final orders of property division and spousal support to correct any irregularities that occurred during the pendency of the divorce. McCreery v. McCreery
(Jan. 22, 1998), Tuscarawas App. No. 97AP020012. We have previously found that payments made by a party pursuant to temporary orders can constitute part of a trial court's equitable property division. Brown v. Brown
(Sept. 8, 1998), Highland App. No. 97CA0948. See, also, Utt v. Utt,
Columbiana App. No. 02CO47, 2003-Ohio-6720, at ¶ 13. Therefore, the trial court could properly consider the amounts each of the parties expended pursuant to its temporary orders.
 {¶ 22} The trial court considered the $14,595.87 Husband paid during the pendency of the action in its efforts to fashion an equitable property division. In its final order, the trial court ordered Husband to pay an additional $5622.58 of the marital debt. Therefore, Husband incurred a total obligation of $20,218.45 toward marital debt, or thirty-six percent of the relevant marital debt.
 {¶ 23} While the trial court credited Husband for payments he made during the pendency of the action, it failed to consider the payments wife made during that time. We note that, in its November 19, 1999 modification of its temporary orders, the trial court ordered Wife to pay the Lazarus, Penney's, MasterCard, VISA, First Card, Sears, Chase and Elder-Beerman debts during the pendency of the action. Wife's financial affidavit, filed with her complaint for divorce, indicates that those payments totaled $687 per month. Thus, during the 27 months the order was in effect, Wife was obligated to pay $18,549 toward the disputed credit card debt.[2] The trial court's final order allocated $16,867.71 of the marital credit card debt to Wife. Thus, by our calculation, Wife incurred a total obligation of $35,416.71, or 64% of the relevant marital debt.
 {¶ 24} R.C. 3105.171(F) sets forth the following factors for the trial court to consider in making a division of marital property: "(1) The duration of the marriage; (2) The assets and liabilities of the spouses; (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage; (4) The liquidity of the property to be distributed; (5) The economic desirability of retaining intact an asset or an interest in an asset; (6) The tax consequences of the property division upon the respective awards to be made to each spouse; (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property; (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses; (9) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 25} Because the division of marital debt is "inextricably intertwined" with the division of marital property, we conclude that the same factors are relevant in fashioning an equitable distribution of marital debt. See Samples v. Samples, Washington App. No. 02CA21, 2002-Ohio-544. (Citations omitted.) Here, pursuant to R.C. 3105.171(F)(4), the trial court specifically found that Wife retained a far greater share of the parties' liquid assets. We note that in order to equalize the property division, the trial court awarded Wife the first $130,859 cash received from the sale of the marital real estate. In contrast, the vast majority of the assets retained by husband could not be readily liquidated. Accordingly, we cannot say that the trial court abused its discretion in considering the liquidity of the marital assets distributed to each of the parties when it allocated the obligation to pay the marital debt.
 {¶ 26} Furthermore, R.C. 3105.171(F)(9) authorizes a trial court to consider any other factor that it expressly finds to be relevant and equitable. Here, the trial court expressly found that: (1) Husband was unaware of some of the accounts during the marriage; (2) Wife controlled the parties' finances and paid the bills during the marriage; (3) for the most part, Wife had possession of the cards and incurred the charges thereon. Therefore, we cannot say that the trial court abused its discretion in allocating a greater portion of the debt to Wife. Accordingly, we overrule Wife's sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We do not consider Husband's obligation to pay the mortgages on the parties' rental properties during the pendency of the action because both parties and the trial court indicate that the income he received for the properties more than covered the expense.
[2] On January 23, 2002, the trial court found wife in contempt for failing to pay the debts as ordered. However, the court noted that, at the time of its finding, she had already cured the contempt.