OPINION
{¶ 1} Appellant, Ida J. Utt, timely appeals the March 11, 2004, Judgment Entry rendered by the Columbiana County Court of Common Pleas. This entry stems from an earlier trial court decision which we reversed and remanded in Utt v. Utt, 7th Dist. No. 02 CO 47, 2003-Ohio-6720. In our prior decision we determined that the trial court abused its discretion and, "was unreasonable when it denied Ida's request for spousal support and did not retain jurisdiction to revisit the issue at a later date[.]" Id. at ¶ 25. Thus, we sustained Appellant's assignment of error. Id.
 {¶ 2} On remand, however, the trial court granted the parties leave to file briefs on the issue of spousal support. (Jan. 27, 2004, Judgment Entry.) Appellant's counsel filed a memorandum quoting this Court's prior decision and argued that, "as determined by the Court of Appeals, an award of support is appropriate given the facts that existed at the time of the trial." (Feb. 24, 2004, Defendant's Memorandum on Remand.) Appellee, Kyle L. Utt, filed a memorandum opposing an award of support. (Feb. 24, 2004, Memorandum of Spousal Support.)
 {¶ 3} Thereafter, solely on the basis of these opposing memorandums, the trial court issued the entry now at issue on appeal. Based on its interpretation of our prior decision, the trial court concluded that it had two options on remand: "either award spousal support on the basis of the evidence already presented or enter an order retaining jurisdiction, and thus opening the door for awarding spousal support based on current circumstances." (March 11, 2004, Judgment Entry.)
 {¶ 4} The trial court noted that the record was devoid of current evidence relative to Appellee's ability to pay spousal support. The court denied Appellant's spousal support award request, however, it retained, "continuing jurisdiction to award spousal support in the event circumstances have changed since the decree of divorce previously filed herein but only until * * * the death of either of the parties hereto or the passage of five (5) years from the date hereof." (March 11, 2004, Judgment Entry.)
 {¶ 5} In Appellant's sole assignment of error on appeal she asserts:
 {¶ 6} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO AWARD APPELLANT/WIFE SPOUSAL SUPPORT."
 {¶ 7} Appellant claims that the trial court erred in failing to award her spousal support on remand. Appellant argues that this Court's prior decision left the trial court with no choice but to award her spousal support based on the facts that existed at the time of the parties' July, 2002, trial.
 {¶ 8} For the following reasons, Appellant's assignment of error has merit and the trial court's decision is reversed.
 {¶ 9} A review of the record and our prior decision reveals that Kyle and Ida were married for 21 years. Kyle was a college graduate earning $55,800 annually at the time of the divorce. Ida had completed her education only through the eleventh grade and was earning $20,500 annually at the time.
 {¶ 10} In 2001, Kyle filed a complaint for divorce. Ida filed a counterclaim for divorce, where she sought temporary and permanent spousal support. She was subsequently granted temporary support pending the divorce trial.
 {¶ 11} Following a bench trial, the trial court awarded Kyle a greater share of the marital property and denied Ida's request for permanent spousal support. On appeal from this decision, we concluded that the trial court's division of the marital property was equitable. Id. at ¶ 13; R.C. § 3105.171(B). However, we found that its denial of permanent spousal support was in error. Id. at ¶ 25.
 {¶ 12} On remand, however, the trial court appears to have failed to recognize that our finding was two-fold. First, we concluded that the trial court abused its discretion in failing to award Ida reasonable spousal support. Secondly, we held that it abused its discretion in failing to retain jurisdiction. Id. at ¶ 2, 25. Instead, the trial court interpreted our decision as providing one of two options on remand. This interpretation was incorrect.
 {¶ 13} We held that a spousal support award was reasonable and appropriate under the circumstances in this case based on the record and the statutory factors outlined in our prior decision. Id. at ¶ 17-19, 24; Bowen v. Bowen (1999), 132 Ohio App.3d 616,626, 725 N.E.2d 1165; R.C. § 3105.18(C)(1). In fact, we stated that a spousal support award was reasonable at least four times in our prior opinion. Id. at ¶ 2, 21, 24, 25.
 {¶ 14} The trial court's confusion appears to lie with paragraph 23 of our earlier Opinion, wherein we discuss the evidence in the record that Kyle was virtually certain to undergo back surgery at some future date. We also stated that it was not "unreasonable," per se, for the trial court to withhold a support order pending the outcome of this apparently debilitating surgery. We go on to explain, however, that this decision would not be unreasonable so long as the trial court specifically retained jurisdiction to revisit the issue following surgery to see what effect, if any, the surgery had on Kyle's earning capacity. This discussion was premised on the apparent immediacy of the surgery, which could be gleaned from the record. It is indisputable, however, that the trial court did not fashion such a remedy for the situation. It is also indisputable that the usual support order based on the statutes would operate in the opposite fashion; that is, the court would normally award support but retain jurisdiction to hear the matter upon a change in (presumably) Kyle's circumstances.
 {¶ 15} Because our earlier Opinion may be somewhat confusing on this aspect, the trial court took the position on remand that the record at the time of divorce justified a decision not to award support. This is not the case. As we stated, all of the factors that existed at the time of divorce point to an award of reasonable support, but for the pending surgery. However, we recognize now and recognized then that this surgery would have an entirely speculative effect.
 {¶ 16} We recognized, as did the trial court, that Kyle's potential back surgery would be a factor to consider when determining support. Because the potential for surgery and the amount of recovery Kyle would experience was speculative at the time of the divorce, it could not have an immediate impact on any award decision. However, because all parties seemed to acknowledge that surgery was a virtual certainty, based on the record before the trial court at the time divorce was granted, reservation of the right to modify such an award appeared necessary. R.C. § 3105.18 governs a trial court's ability to modify or terminate a spousal support award. If a divorce decree authorizes a modification of the spousal support, then the trial court must determine whether a substantial change in circumstances has occurred necessitating a modification. R.C. §3105.18(E); Tremaine v. Tremaine (1996), 111 Ohio App.3d 703,706, 676 N.E.2d 1249, appeal not allowed 77 Ohio St.3d 1480,673 N.E.2d 142. Accordingly, once we concluded that a support award appeared reasonable, we also concluded that it was unreasonable for the trial court to fail to retain jurisdiction to revisit this issue. Id. at ¶ 23.
 {¶ 17} To the extent our earlier decision may not have been drafted in the clearest of terms, this appeal presents an opportunity to clarify any ambiguities. Based on the findings of our previous decision, Appellant's assignment of error has merit, and the trial court's decision here is reversed. On remand, the trial court should award Ida reasonable spousal support as of the date of the divorce decree based on the facts that existed at the time of trial. Id. at ¶ 25. In addition, the trial court should also retain jurisdiction to revisit the spousal support issue in the future. R.C. § 3105.18(E). If the parties' circumstances have changed in this regard since the initial decree, they should have the opportunity to present this to the trial court in a separate, appropriate filing pursuant to statute.
 {¶ 18} Appellant's assignment of error is sustained, and the trial court's decision is reversed. This cause is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion.
Vukovich, J., concurs.
DeGenaro, J., concurs in judgment only.