HANINGER, APPELLEE, v. HANINGER, APPELLANT.

(No. 82AP-55—Decided November 2, 1982.)

*Messrs. Garber, Wilcox & Deshler* and *Mr. Kenneth E. Garber,* for appellee.

*Thomas M. Tyack & Assoc. Co., L.P.A.,* and *Mr. Thomas M. Tyack,* for appellant.

WHITESIDE, P.J. Defendant-appellant, Margaret B. Haninger, appeals from a judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, denying her motion for an increase in alimony and raises a single assignment of error, as follows:

"The trial court erred in refusing to grant relief to the defendant by increasing the monthly sustenance alimony payment."

The trial court adopted findings recommended by a referee to whom the matter was referred and entered an order denying an increase in alimony. The findings include the following:

"1. At the time of the original

decree in 1972, defendant's expenses were $1,100 per month, including the amount necessary to support the family including children, custody of two of them having been awarded defendant, the other four being emancipated.

"2. Defendant's expenses at the time of hearing were $1,053 per month for herself alone, the four children having become adults.

"3a. By the original 1972 decree, defendant was awarded $900 per month alimony for separate maintenance plus $400 per month for child support. Both children have since become emancipated, so defendant now receives only the $900 per month alimony established in 1972.

"3b. Since the decree for separate maintenance in 1972, defendant has had only two jobs (holding one for 10 months and the other being temporary, delivering telephone books).

"4. At the time of the decree in 1972 defendant was in fairly good physical condition but claims to have been emotionally unable to work.

"5. In 1980, the defendant suffered a heart attack and is now under doctor's care receiving medication costing $120 per month, her ailments including hypertension, diabetes mellitis, old anterior infarction and arteriosclerotic heart disease.

"6. Despite her ailments, defendant, without further specificity, is able to perform moderate levels of exercise without undue symptomatology.

"7. Defendant has not attempted to find employment, but there is no finding that she is able to work nor of the type of work, if any, she is able to do, but only that 'it may be difficult for defendant to find employment.'

"8. Plaintiff [Glenn J. Haninger] is a physician and has enjoyed a substantial increase in income since the time of the decree in 1972."

The referee apparently predicated his recommendation primarily, if not solely, upon the fact that defendant has not sought to obtain work, stating that the change in her medical condition does not constitute a change of circumstances because she has not sought to obtain employment, without making any express finding as to whether defendant presently can obtain employment and, if so, the amount that she would be able to earn. Defendant, on the other hand, presented evidence that she has no present earning ability.

Denial of an otherwise justified increase in alimony is not a sanction to be imposed by a divorce court which feels the spouse has not made sufficient effort to obtain employment.

In 1972, defendant was awarded alimony of $900 per month when plaintiff was earning $66,000 per year and paying child support. No increase was awarded even though plaintiff's income now is $109,000 per year and he no longer pays child support because his children are emancipated.

This court disapproves of the concept that "there is a duty to make a reasonable effort to obtain employment" as a prerequisite to alimony or support. The correct concept in determining alimony is that each party must be deemed employed to the extent of his or her earning capacity in the absence of evidence that such employment cannot be obtained. Here, two things are apparent: (1) defendant has a limited earning capacity at best, and (2) as the referee expressly found, it would "be difficult for defendant to find employment." This is the clear import of our decision in *Summers* v. *Summers* (June 8, 1976), Franklin App. No. 75AP-569, unreported, wherein we held that the trial court abused its discretion in placing an absolute duty upon the recipient of alimony to obtain employment, noting instead that: "If appellant does not make a reasonable effort, if within her control, to obtain suitable employment, that factor may be taken into account in the future." We did not hold in *Summers* that failure to seek or obtain employment automati-

cally results in termination of the right to an increase in alimony but, rather, held that it was a "factor" to be considered without specifying how the "factor" should be considered at the appropriate time, which is the issue now before us.

R.C. 3105.18 sets forth the factors to be considered by the court in determining the reasonable amount of alimony, if any, to be awarded, as follows:

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker."

R.C. 3105.18(B) neither imposes a duty to seek employment nor makes failure to seek employment a determinative factor to be considered. Rather, the factor to be considered concerning employment is "[t]he relative earning abilities of the parties." Nor is failure to seek employment otherwise independently a determinative factor. In this regard, the relevant and determinative factor is "earning ability." One who does not seek employment should not be precluded from alimony (or an increase in alimony) for that reason alone. Rather, his or her earning ability remains the same whether or not employment is sought and must be considered in that light. "Earning ability" involves both the amount of money one is capable of earning by his or her qualifications, as well as his or her ability to obtain such employment.

Here, there is no finding that defendant had earning ability, which she did not utilize but, rather, only that she had made no effort to gain employment which would be difficult at best.

Assuming defendant could but failed to obtain employment, the proper action is to determine her earning ability to be that which she could have earned had she made the effort. Here, the trial court held that defendant is denied an increase in alimony solely because she made no effort to obtain employment regardless of whether significant earnings would have been possible.

This case must be considered from the facts involved, including: (1) this was a twenty-five year marriage at the time of the separate maintenance decree in 1972 (and which ended in 1975) during which years defendant was a homemaker caring for the parties' six children (see R.C. 3105.18[B][11] ), and (2) plaintiff is a medical doctor and, during the marriage, the parties maintained a comfortable standard of living. See R.C. 3105.18(B)(7). Because of these circumstances, defendant has limited employment opportunities which is compounded by ill health. See R.C. 3105.18(B)(2). Defendant continued to care for the parties' minor children after the separation and later divorce, although all are now emancipated. See R.C. 3105.18(B)(6). Also, ordinarily, plaintiff would be entitled to an income tax deduction for any alimony paid to defendant, which is taxable income to defendant.

In 1972, defendant was awarded $900 alimony and $400 support for a monthly total of $1,300 at a time when the total

monthly expenses were apparently only $1,100. In light of her present medical condition, defendant's earning ability today is necessarily less than it was in 1972. At the time of the hearing, defendant had available only her $900 alimony to meet monthly expenses of $1,053. Whether these expenses were more or less than necessary for "[t]he standard of living of the parties established during the marriage" (R.C. 3105.18[B][7] ), and whether defendant had adequate "earning abilities" (R.C. 3105.18[B][1] ) to make up the short fall, were issues which properly should have been addressed by evidence at the hearing. The inflation between 1972 and the time of the hearing in 1981 is a matter of general knowledge, although the effect thereof upon the parties requires evidence.

The trial court imposed a sanction upon defendant for failing to attempt to find employment. While defendant must bear the burden of presenting evidence that she is unable to obtain employment, plaintiff has the burden of presenting evidence of the availability and nature of employment he contends defendant could have obtained if she had sought it.

The bottom line, however, is earning ability. If she failed to seek employment, defendant is deemed to have the income her earning ability would have produced had she made reasonable efforts to obtain employment. Since the trial court did not reach or determine this issue, we must remand the matter for a new evidentiary hearing.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Court of Common Pleas of Franklin County, Division of Domestic Relations, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and NORRIS, JJ., concur.