OPINION
{¶ 1} Appellant Jeffrey M. Seaburn appeals the October 28, 2004, Order overruling his Objections to the Magistrate's Decision.
{¶ 2} Appellee is Diana L. Seaburn.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} Jeffrey M. Seaburn and Diana L. Seaburn were married on October 19, 1974. The parties had three children, all of whom are emancipated.
{¶ 4} During the parties' thirty year marriage, Appellant has been employed at Ford Motor Company as an electrician. Appellant attended school and completed four years of an apprenticeship to become an electrician. His income in 2003 was $87,000. He is currently laid-off but is guaranteed a forty-hour income, approximately $3,600 per month, because he is a member of the Guaranteed Employment Numbers Program (GEN). Appellant's pension through Ford is currently valued at $55,200.84. His current social security benefit is valued at $182,249.90.
{¶ 5} Appellee has not worked full-time for at least twenty-three (23) years. Appellee completed high school but has had no further training or education. During the marriage, Appellee has had some part-time jobs consisting of cleaning houses and working for a landscaping company. Appellee is 48 years old and has no independent retirement benefits.
{¶ 6} The parties agree on the value of $130,000 for the marital residence.
{¶ 7} On December 11, 2003, Appellant filed a Complaint for Divorce in the Stark County Court of Common Pleas, Domestic Relations Division. The issues at trial were the division of the assets and spousal support.
{¶ 8} On August 17, 2004, the Magistrate issued her decision ordering Appellant to pay spousal support in the amount of $2,867 per month for ten years and nine months.
{¶ 9} Appellant filed an objection to the Magistrate's Decision which was heard before the trial court.
{¶ 10} By Judgment Entry dated October 28, 2004, the trial court overruled Appellant's objections and adopted the Magistrate's Decision.
{¶ 11} Appellant now appeals, assigning the following as error:
 ASSIGNMENTS OF ERROR
{¶ 12} "I. The trial court erred to the prejudice of plaintiff-appellant by failing to impute income to defendant-appellee due to her voluntary underemployment.
{¶ 13} "II. The trial court erred to the prejudice of plaintiff-appellant and abused its discretion in its spousal support award to appellee for 129 months at $2,867.00 per month, thereby giving appellee 62% of appellant's income.
{¶ 14} "III. The trial court erred to the prejudice of plaintiff-appellant and abused its discretion by failing to determine a de facto date of the termination of the marriage, and by failing to give him credit for payments made during the parties' lengthy separation, which resulted in an inequitable property distribution of the parties' assets and in an inequitable award of spousal support."
 I.
{¶ 15} In his first assignment of error, Appellant argues that in determining spousal support, the trial court erred in failing to impute income to Appellee due to voluntary underemployment. We disagree.
{¶ 16} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
{¶ 17} R.C. 3105.18(C)(1)(a) thru (n), provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support. These factors are:
{¶ 18} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
{¶ 19} "(b) The relative earning abilities of the parties;
{¶ 20} "(c) The ages and the physical, mental, and emotional conditions of the parties;
{¶ 21} "(d) The retirement benefits of the parties;
{¶ 22} "(e) The duration of the marriage;
{¶ 23} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
{¶ 24} "(g) The standard of living of the parties established during the marriage;
{¶ 25} "(h) The relative extent of education of the parties;
{¶ 26} "(I) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
{¶ 27} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
{¶ 28} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
{¶ 29} "(l) The tax consequences, for each party, of an award of spousal support;
{¶ 30} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
{¶ 31} "(n) Any other factor that the court expressly finds to be relevant and equitable. "
{¶ 32} Ohio courts have determined that earning ability involves "both the amount of money one is capable of earning by his or her qualifications, as well as his or her ability to obtain such employment."Haniger v. Haniger (1982), 8 Ohio App.3d 286, 288, 456 N.E.2d 1228. When considering the relative earning abilities of the parties in connection with an award of spousal support, Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a "person could have earned if he made the effort." Beekman v. Beekman (August 15, 1991), Franklin App. No. 90AP-780, 6, unreported.
{¶ 33} Because R.C. 3105.18(C) permits inquiry into a party's earning potential, Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential. See, e.g., Frost v. Frost (1992), 84 Ohio App.3d 699,618 N.E.2d 198; Haniger, supra; Beekman, supra; Gillingham v. Gillingham
(May 28, 1992), Montgomery App. No. 12766, unreported. Accordingly, even if it is determined that a party has no income, a court can impute income based on the party's earning ability. Miller v. Miller (Dec. 28, 1994), 2nd Dist. No. 14540.
{¶ 34} In the case at bar, the trial court determined that Appellee-Wife did not substantially work outside the home during the thirty-year marriage of the parties, that she was occupied as a homemaker and raised the parties' three children during that time, and further that she had no post high school education or training. The court further considered that Appellee-Wife has no health benefits except those provided through her husband.
{¶ 35} Based on the foregoing, we find that the court did not err in not imputing any income to Appellee for purposes of spousal support.
{¶ 36} Appellant's first assignment of error is overruled.
 II.
{¶ 37} In his second assignment of error, Appellant contends the amount and duration of spousal support was an abuse discretion. We disagree.
{¶ 38} Again, a trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83.
{¶ 39} A trial court's decision not to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649. In Watkins v. Watkins, Muskingum App. No. CT 2001-0066, 2002-Ohio-4237, this court noted as follows: ". . . Unlike the statute concerning property division, R.C. 3105.18 does not require the lower court to make specific findings of fact regarding spousal support awards. R.C. 3105.18(C)(1) does set forth fourteen factors the court must consider, however, in determining if spousal support is appropriate and reasonable. If the court does not specifically address each factor in its order, a reviewing court will presume each factor was considered, absent evidence to the contrary. Cherry v. Cherry (1981),66 Ohio St.2d 348, 356, 421 N.E.2d 1293." Id. at ¶ 21, 421 N.E.2d 1293;Cronebach v. Cronebach (March 8, 2004), Ashland App. No. 03-COA-030 at ¶ 35.
{¶ 40} In the case sub judice, as stated in Assignment of Error I, the court found that the marriage was one of long duration, thirty years, that Appellee had no education, training or skills. The court further considered Appellant's work history, his high income, considerable training and retirement benefits.
{¶ 41} Again, we find no abuse of discretion by the trial court in its determination as to the amount and the duration of spousal support.
{¶ 42} Appellant's second assignment of error is overruled.
 III.
{¶ 43} In his third assignment of error, Appellant argues that the trial court abused its discretion by failing to determine a de facto date of the termination of the marriage and by failing to credit him with payments made during the parties' separation. We disagree.
{¶ 44} Civ. R. 53(E)(3)(d) states that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." In this case, appellant did not file an objection to the magistrate's findings of fact or conclusions of law as to the date of the termination of the marriage.
{¶ 45} Appellant's failure to object waived this issue for purposes of appeal. "An appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Lefort v. Century21-Maitland Realty Co., 32 Ohio St.3d at 123, 512 N.E.2d at 643, citingStores Realty Co. v. Cleveland, 41 Ohio St.2d at 41, 322 N.E.2d at 629.
{¶ 46} However, we note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision on this issue does not bar appellate review of "plain error." Inre Lemon, Stark App. No. 2002 CA 00098, 2002-Ohio-6263 (citing R.G. RealEstate Holding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737; Timbercreek Village Apts. v. Myles (May 28, 1999), Montgomery App. No. 17422; Tormaschy v. Weiss (July 6, 2000), Richland App. No. 00CA01). The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See Goldfuss v. Davidson, 79 Ohio St.3d 116, 122,1997-Ohio-401, 679 N.E.2d 1099.
{¶ 47} Although appellant has not raised the issue of plain error in his this assignment of error, this court will review same under the plain error standard.
{¶ 48} R.C. 3105.171(A)(2)(a) provides that "during the marriage" generally means the period of time from the date of marriage through the date of final hearing in an action for divorce. However, R.C.3105.171(A)(2)(b) further provides that if the court determines that use of that date would be inequitable, the court may select a date that it considers equitable for determining the division of marital property. Although there may be de facto termination of the marriage prior to the date of the final divorce hearing, such termination must be clear and bilateral, not unilateral. Day v. Day (1988), 40 Ohio App.3d 155, 158,532 N.E.2d 201.
{¶ 49} As this Court noted in Corbett v. Corbett (June 1, 1999), Coshocton App. Nos. 98-CA-16 and 98-CA-19, unreported, when the termination of the marriage is not a joint decision, and one party holds on to the thought that the marriage should not end, there is good cause to use the date of the final hearing as the termination date.
{¶ 50} Appellant argues that the Magistrate should have found that the marriage terminated when he moved out of the marital residence and in with his girlfriend.
{¶ 51} While, this may be, evidence was also presented that while Appellant may have lived with his girlfriend for six years, he did in fact move back into the marital residence, in an attempt at reconciliation, for approximately two years between the time he originally moved out and the date of the trial in this matter.
{¶ 52} Based on the above, we find that the trial court did not abuse its discretion in terminating the marriage as of the date of final divorce hearing. Appellant's third assignment of error is overruled.
{¶ 53} This cause is affirmed.
Boggins, P.J., Hoffman, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is affirmed. Costs assessed to appellant.