OPINION
{¶ 1} Plaintiff, Beverly Perry (n.k.a. Beverly Smitley), appeals from a judgment and decree of divorce terminating her marriage to Defendant, William Perry.
 {¶ 2} William[1] and Beverly were married on June 7, 1970. *Page 2 
Two children were born of the marriage, and both are now emancipated. William began working as an employee of the Federal Government two years prior to the marriage. He retired from that employment in January of 2005. During their marriage, William and Beverly owned and operated five rental properties in the Springfield area. Beverly managed the rental properties during the last 15 years of their marriage.
 {¶ 3} Beverly and William separated in November of 2004. On January 12, 2005, Beverly commenced an action for divorce. William filed an answer. A final hearing was held over five days between June 16, 2006 and December 6, 2006. The trial court journalized a judgment entry and decree of divorce on January 30, 2007, in which it granted William and Beverly a divorce and divided their marital property, including the rental properties. The trial court awarded no spousal support to either party. Beverly filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 4} "THE COURT BELOW ERRED WHEN IT FAILED TO AWARD SPOUSAL SUPPORT TO MS. SMITLEY [FKA BEVERLY PERRY], AS A SOUND REASONING PROCESS DID NOT SUPPORT THAT DECISION."
 {¶ 5} Domestic relations courts are granted broad discretion concerning awards of spousal support, and their orders will not be disturbed on appeal absent an abuse of *Page 3 
discretion. Reed v. Reed (Feb. 16, 2001), Greene App. No. 2000CA81;Bowen v. Bowen (1999), 132 Ohio App. 3d 616, 626. "The term `abuse ofdiscretion' connotes more than an error of law or judgment; it impliesthat the court's attitude is unreasonable, arbitrary orunconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219(citations omitted). When applying the abuse of discretion standard of review, we must not substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 138.
 {¶ 6} R.C. 3105.18(C)(1) provides:
 {¶ 7} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 8} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 9} "(b) The relative earning abilities of the parties;
 {¶ 10} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 11} "(d) The retirement benefits of the parties;
 {¶ 12} "(e) The duration of the marriage; *Page 4 
 {¶ 13} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 14} "(g) The standard of living of the parties established during the marriage;
 {¶ 15} "(h) The relative extent of education of the parties;
 {¶ 16} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 17} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 18} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 19} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 20} "(m) The lost income production capacity of either *Page 5 
party that resulted from that party's marital responsibilities;
 {¶ 21} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 22} On review of an alleged abuse of discretion in granting or denying a spouse's request for spousal support, we examine the record to determine whether the court considered each statutory factor which is relevant to the request, although the trial court need not have expressly commented or made a finding with respect to each such factor.Kreilick v. Kreilick, 161 Ohio App.3d 682, 2005-Ohio-3041, at ¶ 24.
 {¶ 23} Beverly argues that the trial court improperly permitted William's voluntary retirement to avoid an award of spousal support. Beverly estimated monthly living expenses of $5,600. She sought $4,340.00 per month, after taxes, in spousal support to "support a reasonable lifestyle." According to Beverly, the trial court should have found William voluntarily underemployed and imputed additional income to William based on his pre-retirement salary in order to award her the support she requires. We do not agree.
 {¶ 24} In cases involving child support, a trial court may find a party voluntarily underemployed and impute additional income to the underemployed party for purposes of determining *Page 6 
the appropriate amount of child support. R.C. 3119.01; Rock v.Cabral (1993), 67 Ohio St.3d 108. No similar underemployment provision appears in R.C. 3105.18(C)(1). However, under certain circumstances, it is not improper for a trial court to impute additional income to a party when analyzing the party's ability to pay spousal support under R.C.3105.18(C)(1). In particular, if the court finds that a party has voluntarily retired solely in order to avoid a spousal support obligation the court would impose, a trial court may find that the party is voluntarily underemployed and attribute additional income to the retired party. Meyer v. Meyer, Lucas App. No. L-04-1359, 2005-Ohio-6249, at _36-37.
 {¶ 25} Before imputing income to a retired party, the trial court must make a finding that the retired party's decision to retire was based on an intent to defeat an award of spousal support. Koch v. Koch, Medina App. No. 03CA0111-M, 2004-Ohio-7192, at _21. If there is no evidence of a purpose to escape an obligation of spousal support and the decision to retire appears reasonable under the circumstances, then the trial court should not impute additional income to the retired party. Reed v.Reed (Feb. 16, 2001), Greene App. No. 2000CA81; Melhorn v. Melhorn (Jan. 30, 1989), Montgomery App. No. 11139. *Page 7 
 {¶ 26} The trial court did not find that William had retired in order to avoid paying spousal support. Moreover, Beverly fails to identify any evidence in the record to support that purpose on the part of William. We have reviewed the record, including the transcript from the final hearing, and have found no credible evidence that William retired in order to avoid paying spousal support.
 {¶ 27} In its decision, the trial court reviewed all of the factors set forth in R.C. 3105.18(C)(1) relevant to spousal support, including the need and ability to pay of both parties. For example, the trial court found that Beverly greatly overestimated her monthly living expenses. Although Beverly claimed that her anticipated and reasonable monthly living expenses were $5,600.00, the trial court found that the credible testimony and exhibits established that Beverly's reasonable monthly living expenses were $2,894.50. Further, the trial court found that Beverly would receive approximately $2,000.00 net income per month from rental properties and $2,000.00 per month from William's retirement benefits.
 {¶ 28} Beverly points to several of the R.C. 3105.18(C)(1) factors that she contends justify spousal support. Those include the relative earning abilities of the parties, their age, physical and emotional conditions, their retirement *Page 8 
benefits, their standard of living during the marriage, Beverly's lost income capacity resulting from her marital responsibilities, and the totality of the combination of those factors.
 {¶ 29} The duration of the parties' marriage could justify a spousal support order, but only if a need for spousal support is demonstrated. That need contemplates not only the financial demands a former spouse has, but also her capacity to meet those demands from her own resources, as well as the ability of the other former spouse to provide assistance in meeting those needs. On this record, it appears that the financial resources of the parties, though not absolutely equal, are equivalent.
 {¶ 30} The domestic relations court didn't reach the issue of William's ability to pay spousal support because it found that Beverly has no financial need that she is unable to satisfy from her own resources. The evidence does not support a finding on our part that the court's finding was unreasonable, arbitrary, or unconscionable.Blakemore. That is so even though Beverly is able to point to health conditions that may limit her ability to generate additional income, an ability the court nevertheless found she possesses.
 {¶ 31} On the record before us, we find no abuse of *Page 9 
discretion in the trial court's decision to award no spousal support to either party. The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] For clarity and convenience, the parties are identified by their first names. *Page 1