OPINION
{¶ 1} Appellant, William K. Ebbinghaus, appeals from the final judgment entry of the Geauga County Court of Common Pleas, Division of Domestic Relations, adopting the magistrate's decision not to award him spousal support and refusing to reserve jurisdiction over the issue of spousal support. For the reasons outlined in this opinion, we affirm.
 {¶ 2} Appellant and appellee, Linda A. Ebbinghaus, were married in 1980 and had been separated for nearly five years before the underlying divorce proceedings *Page 2 
were brought before the lower court. Despite the length of the separation, the parties stipulated that the date of the final hearing would mark the end of the duration of the marriage. While two children were born of the marriage, both were emancipated at the time of the hearing.
 {¶ 3} During the long separation, the parties mutually addressed most property matters. The only issues before the court were the division of their respective retirement benefits, appellee's employee savings plan, debts, and the issue of spousal support. On February 28, 2008, a hearing on these issues was held before the magistrate.
 {¶ 4} At the hearing, appellant testified he was previously employed by the Lake County Board of Mental Retardation and Developmental Disabilities (MRDD) as a maintenance repairman for 30 years. On August 1, 2007, at the age of 51, appellant was eligible to retire and did so. Appellant's retirement was voluntary and not occasioned by a disability or any physical problems. After retiring, appellant began receiving PERS benefits of $2,921.81 per month based on a joint and survivorship benefit.
 {¶ 5} Prior to retirement, appellant testified he was earning approximately $50,000 per year. While he indicated he looked forward to retiring from his job, he indicated he was not unable to work. In fact, since his retirement, appellant testified he has done plumbing work, carpentry work, and concrete work. Although appellant testified all such work was "barter work," i.e., work done for work, he indicated he could still earn money working. *Page 3 
 {¶ 6} Appellant testified he is currently living comfortably with his "head above water." He testified he rents a room in a house for $600 per month. His landlord, Janice Pasko, lives in the house from which appellant's room is rented. At the hearing, appellant testified he has had a sexual relationship with Ms. Pasko for approximately 4 or 5 years. In addition to his rent, appellant testified he has a monthly truck payment of $422; monthly insurance payment of $100; and spends approximately $200-$300 on food per month.
 {¶ 7} At the time of the divorce, appellee was, and remains, an employee at Avery Dennison as a salesperson. According to her W-2, she earned approximately $44,000 in 2007. Appellee has no other income and lives alone. With respect to her bills, appellee pays $715 per month in rent; she has two car payments, one $81 per month, the other $265 per month; she spends $78 per month in gas; $79 per month on electricity; $50 per month on cable; and $50 per month in car insurance.
 {¶ 8} After the hearing, the magistrate ordered the parties debts to remain separate and the sole marital debt, a credit card bill, be divided in half. She further ordered that appellant's and appellee's respective pensions be divided equally via a QDRO. Finally, the magistrate awarded no spousal support to either party and, in relation to this, decided not to reserve jurisdiction over the issue. Objections were filed but overruled via the trial court's adoption of the magistrate's decision.
 {¶ 9} Appellant now appeals and assigns three related errors for our review:
 {¶ 10} "[1.] The court erred and commited [sic] an abuse of discretion in failing to award spousal support to the husband and further in failing to reserve jurisdiction over the matter. *Page 4 
 {¶ 11} "[2.] The trial court erred and commited [sic] an abuse of discretion in not awarding spousal support to the husband.
 {¶ 12} "[3.] The trial court erred and commited [sic] an abuse of discretion in failing to retain jurisdiction over the issue of spousal support."
 {¶ 13} As the substance of appellant's arguments overlap, we shall address them together. We begin by setting forth our narrow standard of review. In domestic matters, a court is vested with broad discretion and its decision will not be overturned absent a showing of an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable, which is something more than a mere error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard, a reviewing court is not permitted to substitute its judgment for that of the trial court unless, after considering the totality of the circumstances, we determine the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131.
 {¶ 14} We shall address the issue of spousal support first. Appellant's complaint sought spousal support and it was an express issue before the court during its hearing.
 {¶ 15} Under R.C. 3105.18, a trial court must base its decision to award or deny spousal support on whether it is appropriate and reasonable under the circumstances. See Harris v. Harris, 11th Dist. No. 2002-A-81, 2003-Ohio-5350, at ¶ 17; see, also Utt v. Utt, 7th Dist. No. 02CO 47, 2003-Ohio-6720, at ¶ 20; Rotte v. Rotte, 12th Dist. No. CA2004-10-249, 2005-Ohio-6269, at ¶ 13. This determination is governed by the following fourteen statutory factors set forth under R.C. 3105.18(C): "(a) The income of the parties, from all sources, including, but not limited to, income *Page 5 
derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable. *Page 6 
 {¶ 16} In her decision, which was adopted by the trial court, the magistrate concluded spousal support was neither reasonable nor appropriate for either party. Although the magistrate did not cite the numerical statutory factors she considered, her findings demonstrate she considered all relevant factors in arriving at her decision. Specifically, the magistrate considered: the length of the marriage, see R.C. 3105.18(C)(1)(e); the ages of the parties, see R.C. 3105.18(C)(1)(c); appellant's status as a retiree, which, the court observed, was not a result of an inability to work, see R.C. 3105.18(C)(1)(d); appellant's income prior to retiring, see R.C. 3105.18(C)(1)(b); the parties' physical, emotional, and mental health, see R.C. 3105.18(C)(1)(c); appellant's monthly retirement benefits as well as his admitted ability to continue working, see R.C. 3105.18(C)(1)(b) and (d); appellant's monthly expenses, see R.C. 3105.18(C)(1)(i); appellee's employment status and income, see R.C. 3105.18(C)(1)(b) and (d); appellee's future retirement accounts, see R.C. 3105.18(C)(1)(d); appellee's monthly expenses, see R.C. 3105.18(C)(1)(i); the parties' standard of living while married, see R.C. 3105.18(C)(1)(g); and, finally, the parties' net income from all sources, see R.C. 3105.18(C)(1)(a).
 {¶ 17} The record demonstrates the court premised its decision upon consideration of the relevant factors and therefore followed proper procedure. However, appellant complains the trial court abused its discretion when it awarded half of his retirement benefits with appellee without requiring appellee to pay him spousal support. After this division, appellant's monthly income will reduce to $1,460 per month and appellee's monthly income will increase to $4,234 per month. Appellant asserts the *Page 7 
trial court's decision not to award spousal support is error to the extent it improperly found him voluntarily underemployed. We disagree.
 {¶ 18} Ohio courts have determined that one's earning ability under R.C. 3105.18(C)(1)(b) involves "`both the amount of money one is capable of earning by his or her qualifications, as well as his or her ability to obtain such employment.'" Seaburn v. Seaburn, 5th Dist. No. 2004CA00343, 2005-Ohio-4722, at ¶ 32, quoting Haninger v. Haninger
(1982), 8 Ohio App.3d 286, 288; see, also, Noe v. Noe (Sept. 29, 1995), 6th Dist. No. L-94-077, 1995 Ohio App. LEXIS 4213, *44. When considering a party's relative earning ability as it relates to a spousal support analysis, courts do not confine their inquiry to the amount of money actually earned, but may also hold a party accountable for that amount of money a party is able to earn were he to make the effort.Seaburn, supra; see, also, Beekman v. Beekman (Aug. 15, 1991), 10th Dist. No. 90AP-780, 1991 Ohio App. LEXIS 3917, *15. Accordingly, a trial court may impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential.Beekman, supra; see, also, Justice v. Justice, 12th Dist. No. CA2006-11-134, 2007-Ohio-5186, at ¶ 17; Seaburn, at ¶ 33.
 {¶ 19} Here, the lower court emphasized that appellant is fifty-two years old, is in relatively good physical, emotional, and mental health and his retirement was not occasioned by the inability to work. Further, appellant testified, since his retirement, he has engaged in carpentry work, concrete work, and plumbing work. Although he indicated this work was done on a "barter basis," he also testified he could earn money independent of his retirement income. The trial court properly considered appellant's earning abilities. Although the trial court did not formally impute income to appellant, its *Page 8 
findings reasonably support the conclusion that appellant was voluntarily underemployed. Therefore, the trial court did not abuse its discretion in refusing to award appellant spousal support.
 {¶ 20} However, appellant argues that a trial court may only find a party voluntarily underemployed in cases involving child support. In support of his position, appellant cites the Second District's decision,Perry v. Perry, 2d Dist. No. 07-CA-11, 2008-Ohio-1315. InPerry, appellant-wife appealed the trial court's decision denying her request for spousal support. She argued the trial court erred by failing to impute income to appellee-husband based upon his voluntary retirement. In her view, the trial court should have found appellee-husband voluntarily underemployed based upon his preretirement salary in order to award her support. The appellate court disagreed holding that in order to impute income to a retired party for purposes of requiring spousal support, a domestic court must first find the "retired party's decision to retire was based on an intent to defeat an award of spousal support." Id. at ¶ 25. The court continued: "If there is no evidence of a purpose to escape an obligation of spousal support and the decision to retire appears reasonable under the circumstances, then the trial court should not impute additional income to the retired party." (Emphasis added) Id.
 {¶ 21} The case before us is vastly different from the facts inPerry. Specifically, appellant, the party who voluntarily retired, is seeking to impose a spousal support obligation on appellee, a non-retired party. In Perry the appellant-wife was seeking to impose the obligation upon appellee-husband, a retiree. Perry applies to scenarios in which a spouse is seeking to impose an obligation on a retiree. Because the factual *Page 9 
scenario in this case is opposite to that in Perry, the rule announced in that case is fundamentally inapplicable.
 {¶ 22} As outlined above, a court is vested with broad discretion to analyze parties' earning abilities and the amount of money they are capable of earning if they make the effort. Seaburn, supra;Beekman, supra; Rotte, supra. The court essentially determined appellant is capable of earning money (on top of his retirement) by obtaining employment. This conclusion is supported by the record and will not be disturbed on appeal.
 {¶ 23} Next, appellant asserts the trial court improperly treated his retirement benefits "merely as a stream of income" rather than a marital asset.
 {¶ 24} First, appellant failed to raise this particular argument in his objections to the magistrate's decision. Civ. R. 53(E)(3)(b) requires a party to level specific objections to a magistrate's decision and the failure to do so constitutes waiver on appeal of any argument that could have been raised by objection. Savage v. Savage, 11th Dist. Nos. 2004-L-024 and 2004-L-040, 2004-Ohio-6341, at ¶ 43. Thus, appellant has waived his right to raise his argument that the trial court improperly considered his retirement benefits.
 {¶ 25} Waiver aside, appellant's argument lacks merit. Specifically, appellant asserts that a court may not commingle issues of property division (here, retirement benefits) and the issue of spousal support. As a basis for his argument, appellant cites the Fourth Appellate District's decision in Soulsby v. Soulsby, 4th Dist. No. 07CA1,2008-Ohio-1019. Soulsby is distinguishable from this case. *Page 10 
 {¶ 26} In Soulsby the appellant-wife asserted the trial court abused its discretion in failing to award her an equitable share of appellee-husband's retirement benefits in its division of marital property and instead, ordered him to pay spousal support from his monthly retirement benefits. Appellant-wife contended that the trial court improperly commingled the issues of property division and spousal support because it should have awarded her a portion of appellee's retirement, which was a martial asset, and then also made a separate award of spousal support. The court disagreed, holding that while domestic relations law requires a trial court to declare retirement benefits earned during marriage a marital asset, there is no requirement they be divided in a property distribution. Id. at ¶ 10-12. Given the circumstances of the case, the court concluded the trial court's property division was equitable. Id. at ¶ 16. It further determined that, in light of appellant-wife's specific request that the trial court award her spousal support from appellee-husband's retirement benefits, any potential error was invited. Id. at ¶ 22. Invited error aside, the appellate court concluded the lower court's ultimate resolution of the spousal support issue was reasonable. Id. at ¶ 22-23.
 {¶ 27} Here, a review of the trial court's judgment reveals it did not "improperly commingle" the issues of marital property and spousal support. Both parties' retirement was appropriately designated a marital asset and duly considered in its division of marital property. See R.C. 3105.171(A)(3)(a)(i) and (ii). The trial court then appropriately considered the benefits in its spousal support analysis. See R.C. 3105.18(C)(1)(d). The trial court followed the proper statutory procedures regarding the consideration of the parties' relative retirement benefits and, in the end, reasonably *Page 11 
concluded both parties' retirement benefits would be divided and neither party was entitled to spousal support. Appellant's argument is therefore unavailing.
 {¶ 28} Finally, appellant asserts the trial court abused its discretion in failing to retain jurisdiction over the issue of spousal support. Again, we disagree.
 {¶ 29} R.C. 3105.18 controls the trial court's reservation of jurisdiction to modify spousal support. It reads, in relevant part:
 {¶ 30} "(E) If a continuing order for periodic payments of money *** as spousal support is entered in a divorce *** action ***, the court that enters the decree of divorce *** does not have jurisdiction to modify the amount or terms of the *** spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies: "(1) In the case of a divorce, the decree *** contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
 {¶ 31} The plain language of the statute specifically permits a trial court to refuse to retain jurisdiction over spousal support matters. SeeSoley v. Soley (1995), 101 Ohio App.3d 540, 551; see, also, Webb v.Webb (Sept. 2, 1999), 3d Dist. No. 9-98-66, 1999-Ohio-862, 1999 Ohio App. LEXIS 4040, *8. By enacting R.C. 3105.18(E), the General Assembly clearly chose to leave the decision of whether to reserve jurisdiction to modify spousal support to the trial court's sound discretion. Declining to do so is particularly reasonable where the court has acted within its discretion in refusing to make a spousal support award. Given the circumstances of this case, we therefore hold the trial court's decision not to reserve jurisdiction is neither arbitrary nor unreasonable. See Webb, supra; however, c.f. Straube v. Straube (Aug. 1, 2001), 11th Dist. No. 2000-L-074, 2001 *Page 12 
Ohio App. LEXIS 3528 (holding the trial court abused its discretion by failing to retain jurisdiction over a long-term support order.)
 {¶ 32} For the reasons discussed in this opinion, appellant's three assignments of error are overruled. The judgment entry of the Geauga County Court of Common Pleas, Division of Domestic Relations, is therefore affirmed.
MARY JANE TRAPP, P.J., TIMOTHY P. CANNON, J., concur. *Page 1