**[Cite as *Baker v. Baker*, 2024-Ohio-678.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| LAWRENCE E. BAKER | : | |
| Appellee | : | C.A. No. 29915 |
| v. | : | Trial Court Case No. 2023-DR-00152 |
| TISHA BAKER | : | (Appeal from Common Pleas Court-Domestic Relations) |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 23, 2024

. . . . . . . . . . .

TISHA BAKER, Appellant, Pro Se

KSENIIA MIRONOVA, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Tisha Baker appeals from the trial court's final judgment and decree of divorce. For the following reasons, we affirm the judgment of the trial court.

{¶ 2} Tisha and Lawrence E. Baker were married on November 24, 2015, in Dayton, Ohio, and no children were born of the marriage. Lawrence filed a complaint for divorce on February 28, 2023, claiming that Tisha was guilty of gross neglect of duty and

extreme cruelty and that the parties were incompatible. Tisha apparently had left the marriage in December 2021, and she alleged incompatibility as grounds for divorce in her answer.

{¶ 3} The matter proceeded to a final hearing on September 8, 2023. Lawrence appeared at the hearing and was represented by counsel. Tisha's counsel appeared at the hearing, but Tisha did not appear, and her counsel withdrew with the court's permission.

{¶ 4} On September 13, 2023, the trial court issued a final judgment and decree of divorce. The divorce decree awarded Tisha spousal support in the amount of $1,500 per month for a period of up to 20 months. Tisha was also awarded the Las Vegas timeshare, for which she was to arrange a transfer of ownership, and a 2001 Toyota Tundra. The parties were ordered to file joint tax returns for the years 2021 and 2022 and to share equally in the refunds for tax years 2019, 2021, and 2022. Tisha was ordered to retrieve her personal property from Lawrence's residence within 30 days. Lawrence retained his entire retirement account but assumed nearly $400,000 in debt that the parties shared as an equitable exchange. On September 19, 2023, Tisha filed a notice of appeal.

{¶ 5} On appeal, Tisha's requests are difficult to decipher, but she appears to seek assignment of the Las Vegas timeshare, 20 additional months of spousal support and "ex-spousal benefits," a name change, delivery of her personal property and a trailer, retirement benefits, and an investigation into her counsel for "wrongdoing." In support of her appeal, Tisha has submitted several documents that were not part of the trial court's record. She raises no specific assignments of error and makes no discernable arguments,

and she includes no citations to the record or legal authority. Tisha does make claims to property and a request for additional spousal support, which she could have made had she appeared at the final divorce hearing. Notably, nothing in Tisha's brief discernibly suggests that the trial court erred in its decision granting a final judgment and decree of divorce or in its division of property and spousal support.

{¶ 6} When a party appeals, he or she is required to do the following:

The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support

of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

App.R. 16(A). "A court of appeals may disregard any assignments of error not separately argued, or any arguments not supported by references to the record." *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2d Dist. Montgomery No. 24575, 2011-Ohio-5557, ¶ 11, citing App.R. 12(A)(2); *Countrywide Homes, Inc. v. Swayne,* 2d Dist. Greene No. 2009-CA-65, 2010-Ohio-3903, ¶ 58.

**{¶ 7}** We note at the outset that Tisha's filing on appeal satisfies none of the requirements set forth in App.R. 16(A). Furthermore, "App.R. 9 defines the composition of the record on appeal," and Tisha has attached numerous documents to her filing that are beyond the scope of our review; those documents are not part of the record and thus cannot be considered on appeal. See *Mosbaugh* at ¶ 11. Although Lawrence moved to strike Tisha's reply brief, we decline to do so. However, we will confine our consideration to the record before us and will not consider any documents attached to Tisha's briefs that are not contained in the trial court's record.

**{¶ 8}** Moreover, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' " *Id.* at ¶ 12, citing *Dunina v. Stemple,* 2d Dist. Miami No. 2007-CA-9, 2007-Ohio-4719, ¶ 3. Although Tisha pursues in her appeal pro se, we

cannot give her "special treatment in this appeal and craft arguments and assignments of error" that she failed to raise herself. *Id.*

**{¶ 9}** Although Tisha's brief does not comply with the Ohio Rules of Appellate Procedure, we infer that her arguments relate to property division and spousal support. A trial court is vested with broad discretion when fashioning the division of marital property and an award of spousal support. *Shehata v. Shehata*, 2d Dist. Montgomery No. 20612, 2005-Ohio-3659, ¶ 10, ¶ 33; *Long v. Long*, 2d Dist. Greene No. 2007-CA-54, 2008-Ohio-3006, ¶ 11, citing *Perry v. Perry,* 2d Dist. Clark No. 2007-CA-11, 2008-Ohio-1315, ¶ 5. Generally, in divorce proceedings, an appellate court reviews the overall appropriateness of the trial court's property division and award of spousal support under an abuse of discretion standard. *Lemon v. Lemon*, 5th Dist. Stark No. 2010 CA 00319, 2011-Ohio-1878, ¶ 52, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981); *Long* at ¶ 11, citing *Perry* at ¶ 5. "An abuse of discretion * * * implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." *Shehata* at ¶ 11, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "When applying an abuse of discretion standard, the appellate court is not free to simply substitute its judgment for that of the trial court." *Id.*, citing *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301 (1990).

**{¶ 10}** With respect to property division in a divorce proceeding, the trial court shall "determine what constitutes marital property and what constitutes separate property." R.C. 3105.171(B). Upon making this determination, the court "shall divide the marital and separate property equitably between the spouses * * *." *Id.* "Generally, a court dividing

property upon divorce must award each spouse his or her separate property." *Harrington v. Harrington*, 4th Dist. Gallia No. 08CA6, 2008-Ohio-6888, ¶ 11, citing R.C. 3105.171(D). "There is a presumption in Ohio that an asset acquired during the course of the marriage is marital property, unless proved otherwise." *Tincher v. Tincher*, 5th Dist. Fairfield No. 2019 CA 0028, 2020-Ohio-3352, ¶ 63, citing Haven v. Haven, 5th Dist. Ashland No. 12-COA-013, 2012-Ohio-5347, ¶ 23. With certain exceptions, "the division of marital property shall be equal"; however, "if an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." R.C. 3105.171(C).

{¶ 11} The fact that property division is unequal does not, standing alone, amount to an abuse of discretion. *Shehata* at ¶ 11, citing *Cherry v. Cherry*, 66 Ohio St.2d 348, 421 N.E.2d 1293 (1981). "In determining whether the trial court abused its discretion, a reviewing court cannot examine the valuation and division of a particular marital asset or liability in isolation; rather, the reviewing court must view the property division in its entirety, consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the domestic relations court." *Bass v. Bass*, 2d Dist. Montgomery No. 29303, 2022-Ohio-2970, ¶ 22, citing *Jelen v. Jelen*, 86 Ohio App.3d 199, 203, 620 N.E.2d 224 (1st Dist.1993), citing *Briganti v. Briganti*, 9 Ohio St.3d 220, 459 N.E.2d 896 (1984). "Generally, if a party fails to appear at the final divorce hearing, '[a]ny deficiency claimed by appellant is explained by appellant's failure to appear at [the] final divorce hearing.' " *Lakkapragada v. Lakkapragada*, 2d Dist. Montgomery No. 25883, 2014-Ohio-331, ¶ 59,

citing *Huff v. Huff*, 8th Dist. Cuyahoga No. 77670, 2000 WL 1844755, *1 (Dec. 14, 2000); *see, e.g., Mankin v. Mankin,* 7th Dist. Monroe No. 07 MO 4, 2008-Ohio-6214, ¶ 15 (finding no error in the court's division of marital property, since husband's argument was hindered greatly by the fact that he did not attend the divorce hearing, and thus the only evidence in the case was presented by wife).

{¶ 12} In this case, Tisha failed to appear at the final divorce hearing or to take any action to protect her own interests. Her attorney represented that she had also failed to appear at a prior settlement conference and that he had had little contact with her; his motion to withdraw as counsel was granted at the beginning of the hearing. By not appearing, Tisha failed to rebut Lawrence's evidence and also failed to present any evidence supporting her claims related to property division and spousal support. Moreover, because she did not timely advise the trial court of possible error, by objection or otherwise, she waived the issue for purposes of appeal. See *Goldfuss v. Davidson*, 79 Ohio St. 3d 116, 121, 679 N.E.2d 1099 (1997). By failing to bring these alleged errors to the attention of the trial court, Tisha waived all but plain error review.

{¶ 13} "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." (Citations omitted.) *Goldfuss* at 121. Put differently, in appeals of civil cases, "the plain error doctrine is not favored and may be applied only in the extremely rare case involving

exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id.* at 122-123. "The plain error doctrine should never be applied to reverse a civil judgment simply because a reviewing court disagrees with the result obtained in the trial court, *or to allow litigation of issues which could easily have been raised and determined in the initial trial.*" (Emphasis added.) *Id.* at 122. "Plain error does not exist unless it can be said that, but for the error, the outcome of the proceedings clearly would have been different." *Kontir v. Kontir*, 2d Dist. Montgomery No. 2003-CA-12, 2003-Ohio-4845, ¶ 14, citing *Robb v. Lincoln Publishing (Ohio), Inc.,* 114 Ohio App.3d 595, 683 N.E.2d 823 (12th Dist.1996).

{¶ 14} We cannot say that this case is an exceptional case or that Tisha's presumed arguments rise to the level of plain error. Tisha seeks to litigate issues that could have easily been raised and determined in the trial court, where Tisha should have raised her evidentiary arguments. The trial court reached its decision, divided the marital property, and granted spousal support based upon the only evidence before it. Additionally, Tisha has not demonstrated that the trial court's alleged errors affected the basic fairness, integrity, or public reputation of the judicial process. Tisha had the opportunity to raise her arguments in the trial court, and her failure to do so did not affect the legitimacy of the judicial process. Finally, because she failed to present any evidence, there is no basis for us to conclude that the judgment and divorce decree should have been different. We find the plain error doctrine to be inapplicable in this case, and Tisha waived any argument that the trial court abused its discretion in its division of the marital

property or award of spousal support. Therefore, Tisha's presumed assignment of error is overruled.

{¶ 15} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and LEWIS, J., concur.