[Cite as *Lam v. Lam*, 2012-Ohio-4885.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CAROLYN H. LAM | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
|     Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2012CA00041 |
| PERCY K. LAM | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, Domestic Relations
Division Case No. 2010DR1001

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      October 15, 2012

APPEARANCES:

For Defendant-Appellant          For Plaintiff-Appellee

JOHN JUERGENSEN          SUSAN PUCCI
John L. Juergensen Co., LPA          4429 Fulton Dr. N.W.
Washington Square Office Park          Ste 100
6545 Market Ave North          Canton, Ohio 44718
North Canton, Ohio 44721

*Hoffman, P.J.*

{¶1} Defendant-appellant Percy K. Lam ("Husband") appeals the January 26, 2012 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which granted a divorce to Husband and plaintiff-appellee Carolyn H. Lam ("Wife"), classified and divided the parties' property, and ordered Husband to pay spousal support.

## STATEMENT OF THE FACTS AND CASE

{¶2} Husband and Wife were married on November 28, 1982. One child, Andrew (dob 3/31/83) was born as issue. Although Andrew is biologically past the age of emancipation, he has been diagnosed with atypical psychosis and is developmentally disabled. Andrew receives social security disability benefits.

{¶3} Wife filed a Complaint for Divorce on August 5, 2010. Husband was granted leave to plead and filed his Answer on December 7, 2010. The matter proceeded to trial over the course of three days, November 30, 2011, December 27, 2011, and January 17, 2012.

{¶4} On the first day of trial, Husband advised the trial court he was voluntarily retiring from Marathon Petroleum, effective February 1, 2012. Husband, who was 60 years old at the time of the trial, had worked for Ashland Hercules and Marathon Petroleum for a combined 34 years. He has a Master's Degree in chemical engineering. Husband's Medicare wages were $142,671, in 2008; $139,976, in 2009; and $144,042, in 2010. Wife, who was 55 years old, has a Bachelor's Degree in accounting. She has worked part time for H & R Block preparing tax returns for six

years.  She generally earns $10,000/year in that position.  Wife is unable to secure full-time employment due to Andrew's needs.

{¶5}  Wife testified Husband had been threatening retirement for some time. She acknowledged Husband has been unhappy in the marriage for many years. Husband is verbally and emotionally abusive to both Andrew and Wife, calling them "stupid".  Husband blames Wife for failing to teach Andrew how to do things correctly. Husband acknowledged Andrew could never live on his own.

{¶6}  Wife discovered Husband had bank accounts at Hang Seng Bank in Hong Kong.  When she confronted him, Husband indicated he intended to retire and move to Hong Kong, where he would marry a young Chinese girl who would give him healthy, smart children.

{¶7}  Over the course of the marriage, Husband sent money to his and Wife's families in China.  Husband generally sent less than $2,000 per year.  In October, 2008, Husband sent $26,000 to his brother.  Husband claimed the funds were from an American bank account his brother had closed.

{¶8}  Via Judgment Entry filed January 26, 2012, the trial court granted a divorce to the parties based upon the grounds of incompatibility.  The trial court found the total value of the marital assets was $2,114,649.  These marital assets included the entire value of an Ashland Hercules Leveraged Employee Stock Ownership Plan and all of the monies in the accounts in Hang Seng Bank.  The trial court made an unequal division of the marital property, allocating $163,729 of Husband's share of property to Wife.  The trial court explained the amount was "the net present value of the periodic

spousal support and child support payments." The trial court found the division of the marital property was equitable given the facts and circumstances of the case.

{¶9} It is from this judgment entry Husband appeals, raising as error:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DIVIDING THE MARITAL PROPERTY.

{¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING DE FACTO SPOUSAL SUPPORT IN THE FORM OF A PROPERTY DIVISION.

{¶12} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN CALCULATING THE DE FACTO AWARD OF SPOUSAL SUPPORT.

{¶13} "IV. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT ALL OF THE ASHLAND HERCULES LEVERAGED EMPLOYEE STOCK OWNERSHIP PLAN WAS A MARITAL ASSET.

{¶14} "V. THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT ALL OF THE FUNDS IN THE HANG SENG BANK ACCOUNT WERE A MARITAL ASSET."

I, II

{¶15} Husband's first and second assignments of error are interrelated and shall be addressed together. In his first assignment of error, Husband asserts the trial court abused its discretion in dividing the marital property. In his second assignment of error, Husband submits the trial court abused its discretion in awarding *de facto* spousal support in the form of a property division.

{¶16} We begin by setting forth our narrow standard of review. In domestic matters, a trial court is vested with broad discretion and its decision will not be

overturned absent a showing of an abuse of discretion. *Martin v. Martin* (1985), 18 Ohio St.3d 292, 294-295, 480 N.E.2d 1112. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable, which is something more than a mere error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. Under this standard, a reviewing court is not permitted to substitute its judgment for that of the trial court unless, after considering the totality of the circumstances, we determine the trial court abused its discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597.

{¶17} In its January 26, 2012 Judgment Entry, the trial court addressed the factors set forth in R.C. 3105.18(C) in determining whether an award of spousal support was appropriate.  The trial court specifically noted:

"Husband transferred funds to China throughout the marriage. Other than the $26,000 check to his brother in 2008, there was little evidence that Husband aggressively transferred funds to China in the later years of the marriage or in contemplation of this divorce.  However, Husband did admit that he had falsified financial records to keep Wife in the dark about his losses in the stock market, and he shredded documents.

"Wife has alleged that Husband intends to move to Hong Kong as soon as his retirement is final, find a young wife and have a healthy child. The Court believes it is more likely than not that he will do so.  This will place him beyond the reach of this Court, making it impossible to enforce a periodic order of spousal support, child support or medical expenses for

Andrew. On a 29-year marriage, spousal support would normally last for 10 years. The Court would have retained jurisdiction over spousal support to make adjustments when normal retirement occurred. Husband's decision to preemptively retire in the midst of this litigation appears to the Court to be an attempt by Husband to avoid his obligations to his wife and disabled son." January 26, 2012 Judgment Entry at 8.

**{¶18}** Based upon all of the factors, the trial court found "spousal support would be appropriate and reasonable in the amount of $2,500 per month or $30,000 per year." January 26, 2012 Judgment Entry at 8. The trial court continued, "[u]nder ordinary circumstances, [it] would order this amount in the form of periodic monthly payments of $2,500 and retain jurisdiction to modify the order." *Id.* However, the trial court found it more likely than not Husband would move to Hong Kong, placing himself "beyond the reach of the Court's contempt powers", thus rendering the periodic order "unenforceable." Given this concern and Husband's attitude toward Wife and their son, the trial court was skeptical Husband would voluntarily comply with the periodic order. As such, the trial court ordered a lump sum distribution of property.

**{¶19}** R.C. 3105.18(B) provides:

"In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party. During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party.

"*An award of spousal support may be allowed in real or personal property, or both*, or by decreeing a sum of money, *payable either in gross or by installments*, from future income or otherwise, as the court considers equitable." (Emphasis added).

**{¶20}** Husband acknowledges the trial court's statutory authority pursuant to R.C. 3105.18(B) to divide marital assets and, thereafter, order a lump sum spousal support award from one party's share. Husband contends, however, the trial court failed to "specifically order that the extra amounts to Wife were for spousal support." Brief of Appellant at 7. Husband concludes the "trial court awarded de facto spousal support through an unequal division of marital assets" and such "constitutes an improper commingling of the marital property division and the spousal support award." *Id.* We disagree.

**{¶21}** The trial court calculated the parties' marital assets, and found such to total $2,114,649, with a one half share being $1,057,324.50. The parties had no debt. The trial court noted the property division was not equal as $163,729 was allocated from Husband's share to Wife's share. The trial court specifically stated, "This amount is the net present value of the periodic spousal support and child support payments as calculated". January 26, 2012 Judgment Entry at 11. R.C. 3105.171(C)(1) provides "[i]f an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." We find the trial court did not abuse its discretion with respect to either the division of marital property or the lump sum payment of spousal support through real property.

**{¶22}** Husband's first and second assignments of error are overruled.

III

**{¶23}** In his third assignment of error, Husband contends the trial court abused its discretion in calculating the *de facto* award of spousal support.

**{¶24}** R.C. 3105.18(C)(1) lists 14 factors a trial court must consider in determining whether spousal support is appropriate and reasonable, including the "income" and "earning abilities" of each party. R.C. 3105.18(C)(1)(a), (b). "When considering the relative earning abilities of the parties in connection with an award of spousal support, Ohio courts do not restrict their inquiry to the amount of money actually earned, but may also hold a person accountable for the amount of money a 'person could have earned if he made the effort.' " *Seaburn v. Seaburn,* Stark App. No.2004CA00343, 2005-Ohio-4722, ¶ 32; citing *Beekman v. Beekman* (Aug. 15, 1991), Franklin App. No. 90AP-780. Therefore, "Ohio courts often impute income to parties who are voluntarily underemployed or otherwise not working up to their full earning potential." *Id.* at ¶ 33.

**{¶25}** Whether a party is "voluntarily unemployed or under-employed" is a factual determination to be made by the trial court based on the circumstances of each particular case. *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 112. Similarly, the amount of income imputed to a person found to be "voluntarily under-employed" is equally a question of fact, not to be disturbed, absent an abuse of discretion. *Id.*

**{¶26}** The trial court imputed Husband's income at $144,042, his 2010 earnings, finding Husband was "underemployed based on his voluntary decision to take early retirement at the age of 60 while in the middle of divorce litigation." January 26, 2012

Judgment Entry at 7. Husband maintains there was no evidence presented to establish he retired solely to avoid his spousal support obligation. Husband testified age 60 is the "normal" retirement age at his company, he suffers from anemia, a common condition among chemical plant workers, and he has been exposed to potentially cancer causing chemicals. Husband had worked for 34 years and had a substantial net worth. He concludes it was reasonable for him to retire under the circumstances and the trial court abused its discretion in imputing $144,042 in income to him. We disagree.

{¶27} While Husband testified to the many valid reasons he had for retiring at the time he chose to do so, Wife testified Husband informed her he intended to move to Hong Kong as soon as his retirement is finalized. As the trier of fact, the trial court was free to accept or reject any or all of the testimony of the witnesses. The trial court chose to believe Wife's testimony, giving rise to concerns Husband would place himself beyond the trial court's powers.

{¶28} Husband further asserts the trial court abused its discretion as it deprived him of the tax benefits he would receive from paying periodic spousal support. Although tax consequences are a factor a trial court is to consider under R.C. 3105.18(C)(1)(L), the fact Husband would have received a tax benefit from his payment of monthly spousal support does not equate to the trial court's failure to consider the factor or rise to the level of an abuse of discretion for not ordering monthly support payments.

{¶29} Husband's third assignment of error is overruled.

IV

{¶30} In his fourth assignment of error, Husband argues the trial court abused its discretion in determining all of the Ashland Hercules Leveraged Employee Stock Ownership Plan ("ESOP") was a marital asset.

{¶31} A trial court has broad discretion in dividing marital assets and liabilities in a divorce action. *Lee v. Lee,* Licking App. No.2008CA112, 2009-Ohio-5250, ¶ 85-87 citing *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. Accordingly, an appellate court is limited to a determination of whether, under the totality of the circumstances, the trial court abused its discretion in dividing the property. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597, 599.

{¶32} R.C. 3105.171(A)(6)(a) defines separate property as "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage."

{¶33} "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). Therefore, traceability is central when determining whether separate property has "lost its separate character" after being commingled with marital property. *Peck v. Peck* (1994), 96 Ohio App.3d 731, 734, 645 N.E.2d 1300, 1302. The party seeking to establish an asset as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. *Peck* at 734, 645 N.E.2d 1300. The characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. *Kotch v.*

*Kotch,* 178 Ohio App.3d 358, 2008-Ohio-5084, 897 N.E.2d 1191, ¶ 19 citing *McCoy v. McCoy* (1995), 105 Ohio App.3d 651, 654, 664 N.E.2d 1012; *Kelly v. Kelly* (1996), 111 Ohio App.3d 641, 676 N.E.2d 1210. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse-of-discretion standard.

**{¶34}** Husband commenced his employment with Ashland in 1977. The parties were married in 1982. Husband testified, at the time of the marriage, he had accumulated some value in the ESOP. Husband stated he thought there was "probably a few thousand dollars", "[l]ess than $10,000 at the time" in the accounts. Subsequently, when counsel for Wife presented Husband with evidence from Pension Evaluators and QDRO Consultants, Husband conceded the ESOP was all marital. December 27, 2011 Trial Transcript at 51.

**{¶35}** Based upon Husband's own admission, we find the trial court did not abuse its discretion in determining the ESOP was a marital asset. Furthermore, Husband failed to definitely establish the amount of his pre-marital contribution to the ESOP.

**{¶36}** Husband's fourth assignment of error is overruled.

V

**{¶37}** In his final assignment of error, Husband contends the trial court abused its discretion in determining all of the funds in the investment account at Hang Seng Bank were marital assets.

**{¶38}** Our standard of review is set forth, supra.

{¶39} The trial court found one-half of the funds in the investment account were marital. Husband submits only $6,000 of the total funds of $59,399 was his personal property, and the remainder belonged to his sister.  The investment account is in Husband and sister's joint names.  Husband testified his sister had worked multiple jobs from the time she was twelve years old.

{¶40} The trial court did not find Husband's assertions to be credible.  The trial court noted Husband's long history of sending funds to Hong Kong as well as the fact Husband's sister was retired from a low paying job.

{¶41} Husband's fifth assignment of error is overruled.

{¶42} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Julie A. Edwards
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CAROLYN H. LAM                              :
                                           :
    Plaintiff-Appellee                     :
                                           :
-vs-                                       :               JUDGMENT ENTRY
                                           :
PERCY K. LAM                               :
                                           :
    Defendant-Appellant                    :               Case No. 2012CA00041


For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS